## In re Personnel Designations of Managerial, Confidential and Supervisory Employees

[422 A.2d 932]

No. 279-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 31, 1980

*Mikell and Rome,* Burlington, for Petitioner.

*M. Jerome Diamond,* Attorney General, and *Bennett Evans Greene,* Assistant Attorney General, Montpelier, for Respondent.

**Barney, C.J.** In 1977 the legislature, by 3 V.S.A. § 906, directed that the Commissioner of Personnel determine those positions in the classified service whose incumbents should be designated as managerial, supervisory or confidential. After this had been accomplished, the Vermont State Employees Association, as bargaining representative, appealed certain of these designations to the Labor Relations Board, contending that employees would be losing contract rights. The matter was handled as a grievance.

By agreement, hearings were limited to designations within the Department of Employment Security. Ultimately, the Board filed findings of fact and an order affirming the designations made by the Commissioner of Personnel. The Board certified, under V.R.A.P. 13(d), the following questions to this Court:

1) Did the Board err in designating the Employment Services Managers "A", "B", and "C" as "managerial" pursuant to 3 V.S.A. § 902(18) rather than "supervisory", pursuant to 3 V.S.A. § 902(16)?

2) Did the Board err in designating the Unemployment Compensation Managers "A" and "B" as "managerial" pursuant to 3 V.S.A. § 902(18) rather than "supervisory", pursuant to 3 V.S.A. § 902(16)?

3) Because the Board concluded that state employees designated "managerial" would not lose due process nor "just cause" rights pursuant to the State Merit System, should the matter be remanded and reconsidered if the Board has been erroneous in its legal conclusions?

The concern of the appellant employees' association springs from the effect of the designation in terms of 3 V.S.A. § 902(5)(F):

(5) "State employee" means any individual employed on a permanent or limited status basis by the state of Vermont, . . . , but excluding an individual:

. . . .

(F) Employed as a managerial employee.

This section removes the designated employees from within their former collective bargaining unit, and therefore, the benefits following from the collective bargaining contract do not apply to them.

The first group which appealed consists of the employment services managers. Their department is headed by a commissioner. Under him the agency is divided into two divisions, the employment services division and the unemployment compensation division, each with a director. The employment security division, under its director, operates through local offices, grouped by area, under three field operations assistant chiefs. All of these people are designated managers, and the appellant concedes them to be so.

The Board then went on to denominate each of the local employment services office managers as managerial, and it is as to them that the challenge is made. The challenge to the local office managers in the unemployment compensation division almost exactly parallels the circumstance of the employment services local managers, and the decision in the first question can be taken to govern the second.

When the legislature assigned the duty of designation to the Commissioner of Personnel, it provided guidance in 3 V.S.A. § 902(18):

> (18) "Managerial employee" is an individual finally determined by the board as being in an exempt or classified position which requires him to function as an agency, department, or institution head, a major program or division director, a major section chief or director of a district operation.

It also defined a "supervisory employee" in 3 V.S.A. § 902(16) as follows:

> (16) "Supervisory employee" means an individual finally determined by the board as having authority in the interest of the employer to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline other employees or responsibility to direct them or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature but requires the use of independent judgment.

Supervisory employees are not excluded from membership in a collective bargaining unit under the present statute.

The argument of the state employees' association has three aspects. The first is that the local managers clearly fit the definition of "supervisory" employees and therefore cannot properly be designated managerial. It seems too plain to be debatable that the supervisory authority defined in the statute is all clearly encompassed in managerial responsibility as well. The two descriptions are not mutually exclusive; it is simply that, in terms of responsibility, some supervisors justify managerial designations under 3 V.S.A. § 902(18), and some do not. Any attempt to compare subsections (16) and (18) does not contribute much to resolving the challenge.

■■ The second aspect of the challenge seems to say that if there is management at a district level, there cannot properly be management at the local level. The plain answer is that the statute contains no such limitation. The findings of the Board with respect to the local manager's duties as a director of a district operation adequately justify the designation and are within the statutory framework. When the statute says, as it does in 3 V.S.A. § 906, that any disputes with respect to designation by the Commissioner of Personnel "shall be finally resolved by the board," that Board's determinations must be taken as entitled to great weight. They will not be overturned here short of a demonstration that they cannot be supported. The statutory authority as well as the expertise of the Board must be recognized. *In re New England Telephone & Telegraph Co.*, 131 Vt. 470, 472, 307 A.2d 783, 784 (1973).

■ The appellant raises a third issue, asserting that the Board's decision represents a denial of due process rights since discharge without "just cause" may be a possibility. The Board looked at this concern and found it without foundation, pointing out that the managers are protected by 3 V.S.A. § 312(b)(4) and the Commission's personnel rules. In fact, in the context of this case, no one has been dismissed. Therefore, we need not determine if a manager could be discharged without "just cause." "It is a well established rule that courts will not pass upon constitutional questions unless it is necessary to the final determination of the case." *Donoghue* v. *Smith*, 119

Vt. 259, 268, 126 A.2d 93, 98 (1956). We will not render advisory opinions when there is no actual controversy. *Id.*

*The order of the Labor Relations Board is affirmed.*