## Grievance of Edward Byrne, et al.

[514 A.2d 709]

No. 83-088

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed July 18, 1986

*Michael R. Zimmerman,* VSEA Staff Attorney, Montpelier, for Plaintiffs-Appellants.

*Jeffrey L. Amestoy,* Attorney General, and *Michael Seibert,* Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Hill, J.** This is an appeal from a decision of the Vermont Labor Relations Board (Board) upholding the State's method of calculating pay raises for certain state employees. We affirm.

Appellants are five similarly situated employees at the St. Albans Correctional Facility. Upon being promoted or upwardly reallocated,* each appellant received an eight percent pay raise, and was placed in a six-month promotional probationary period. Prior to the expiration of this probationary period, appellants were again promoted, and it is the method of calculating the pay raise due upon this second promotion that is at issue on appeal.

Article 35, section 6 of appellants' employment contract with the State provides:

> The salary upon which any increase resulting from promotion, upward reallocation, or upward reassignment is computed for a given employee, is that employee's most recent salary in the last position at which he completed any required probationary period, plus any subsequent general salary adjustment except that no employee will be reduced in salary as a result of this provision.

The contract is clear in one respect: the salary upon which any increase is calculated is the salary that the employee was earning in the last position at which he had completed any required probationary period. Unfortunately, the contract nowhere states what salary such increases must be added to in determining appellants' rate of pay.

Appellants contend that in the event of promotion, the contract guarantees them an eight percent increase in pay over the rate of pay received immediately before such promotion took place. They rely heavily on the Implementation Guidelines, providing in pertinent part: "Upon promotion . . . a permanent status . . . employee will receive a salary increase of 8% or to the end-of-probation rate of the new pay scale, whichever is greater, subject to the maximum of that pay scale. No increase will be granted upon completion of the promotional probationary period." They concede, however, that neither the terms of the contract nor the language in the guidelines required the Board to adopt their method

---

* The distinction between promotions and upward reallocations is not important to this appeal. Consequently, such actions will hereinafter be referred to as promotions.

of calculation. The State, on the other hand, argues that any salary increase that is due upon promotion must be added to the salary in effect before appellants were promoted and placed on promotional probationary status.

The promotional probationary period is defined as a "working test period." If the person promoted performs adequately during the probationary period, then he attains permanent status in the position occupied. If such person fails to meet the required performance level, he may be demoted. According to Personnel Rule 6.0721, "[a]n employee demoted to a position in a lower class during a promotional probationary period shall be paid the salary received before promotion provided such rate does not exceed the maximum of the lower class . . . ." Thus, as the Board correctly noted, appellants did not have a vested interest in their promotional position or permanent entitlement to their rate of pay until they successfully completed their probationary period. Based on the probationary nature of the salary increase and the clear contract language relating to probationary status, the Board concluded that the State did not violate the contract by adding the incremental increase in pay to the rate of pay appellants were receiving in the last position at which they had completed any required probationary period.

Appellants contend that there is a crucial difference between probation and promotional probation. We agree. An employee who has yet to complete the initial probationary period is an at-will employee. He has no vested interest in his job and he may be terminated without cause. An employee who fails to complete a promotional probationary period, on the other hand, may only be demoted. Nevertheless, we fail to see how this distinction has any bearing on the salary calculations that are at issue here.

The main thrust of appellants' challenge is that the Board's ruling is illogical and unfair as it allows the State to promote employees within the promotional probationary period without giving them an eight percent increase in pay over what they were then receiving. The Board recognized that its interpretation of the contract did not appear to be completely fair in this regard. Nevertheless, the Board also showed how appellants' proffered interpretation would yield even less equitable results under certain circumstances. For instance, it would penalize employees who are promoted several pay scales in a single review period as opposed to those who attain the same pay scale level by way of two or

more promotions. The Board then concluded that if the State's method of calculation was unfair, it was nonetheless the agreed-to bargain.

Viewing the contract as a whole, we are persuaded by the Board's logic and, in light of the Board's expertise in this area, we defer to its judgment. See *In re Personnel Designations*, 139 Vt. 91, 94, 422 A.2d 932, 934-35 (1980) (recognizing that Board determinations are entitled to great weight and will not be overturned absent a showing that they cannot be supported). It must be remembered that the Board only has the power "to police the exercise of discretion by the employer and to keep such actions within legal limits." *In re Gage*, 137 Vt. 16, 19, 398 A.2d 297, 299 (1979). It has no authority, by statute or agreement, "to substitute its own judgment for that of the employer, exercised within the limits of law or contract." *Id*. In this case, the Board concluded that the State's method of calculation comported with the express terms of the contract. We cannot say that the Board's determinations in this regard are without support.

*Affirmed.*