787 F.2d 1288
 40 Empl. Prac. Dec. P 36,218
 Guru Sant Singh KHALSA, Plaintiff-Appellant,
v.
Caspar WEINBERGER, Secretary of Defense; John O. Marsh,
Jr., Secretary of the Army; in their official
capacities, and United States of
America, Defendants- Appellees.
 No. 84-5880.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 6, 1985.
Decided May 7, 1985.
Amended Jan. 3, 1986.
Submission Withdrawn Feb. 14, 1986.
Resubmitted and Order Filed April 21, 1986.
 
 Marvin E. Krakow, Los Angeles, Cal., for plaintiff-appellant.
 Thomas R. Folk, Dept. of Army, Washington, D.C., Dzintra Janavs, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before BOOCHEVER and BEEZER, Circuit Judges, and CARROLL,* District Judge.
 ORDER
 Guru Sant Singh Khalsa, a member of the Sikh religion, brought this action against the Army for refusing to process his enlistment application because he could not comply with Army appearance regulations. Practicing Sikhs must wear unshorn head and facial hair and iron bracelets, and are strongly encouraged to wear turbans. Army regulations require soldiers to cut their hair, shave, and wear only specified types of jewelry and headgear. Khalsa contends, in part, that these regulations violate his right under the First Amendment to exercise his religious beliefs.
 In our amended opinion in this case, reported at 779 F.2d 1393 (9th Cir.1986), we reaffirmed the doctrine of limited reviewability of certain military regulations and decisions, which was first established in Mindes v. Seaman, 453 F.2d 197 (5th Cir.1971), and adopted in this circuit in Wallace v. Chappell, 661 F.2d 729 (9th Cir.1982), rev'd on other grounds, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). 779 F.2d at 1395-96. We characterized the Mindes rule as a doctrine of justiciability grounded in the deference owed to the military as a "unique discipline, set apart from civilian society to perform the special task of national defense." Id. at 1395-96 & n. 1. Applying the Mindes test, by balancing the substance of Khalsa's claim and his potential injury against the extent of interference with military functions and expertise, we concluded that the Army appearance regulations were not subject to judicial review. Id. at 1398-1400.
 Subsequent to our decision, we issued an order withdrawing submission of this case and staying proceedings pending the decision of the Supreme Court in Goldman v. Weinberger, No. 84-1097. The Goldman decision having been announced, we now resubmit this case for decision, and reaffirm the opinion reported at 779 F.2d 1393 (9th Cir.1986) as the opinion of this court.
 In Goldman v. Weinberger, --- U.S. ----, ----, 106 S.Ct. 1310, 1311, 89 L.Ed.2d 478 (1986), an Orthodox Jew and commissioned officer in the Air Force challenged a military regulation, which generally prohibited members of the Air Force from wearing headgear indoors while on duty, as an infringement upon his First Amendment freedom to exercise his religious beliefs by wearing a yarmulke. The Supreme Court sustained the Air Force regulation against this constitutional challenge by deferring to the professional judgment of the military authorities that uniform appearance standards are necessary to maintain unity and discipline. Id. at ----, 106 S.Ct. at 1313.
 We find nothing in the Goldman decision that undermines the conclusion or reasoning in our earlier decision in the Khalsa case. The Goldman case originated in the District of Columbia Circuit, one of the two circuits which rejects the Mindes doctrine of limited reviewability of military regulations. See Khalsa, 779 F.2d at 1397 n. 3. The Goldman case thus presented the Supreme Court only with the question of the merits of the claim, not whether it was subject to review. Consequently, the Goldman Court simply assumed, without discussing or deciding the issue, that the constitutional challenge to military regulations was reviewable. The Supreme Court has still not spoken on this issue.[1] See also Khalsa, 779 F.2d at 1396.
 However, there is much in the Court's Goldman decision which is consistent with the doctrine of limited reviewability of military regulations as followed in this circuit. The Court stated that constitutional review of military regulations is "far more deferential" than that applied to similar laws and regulations designed for civilian society. --- U.S. at ----, 106 S.Ct. at 1313. Indeed, Justice Brennan in dissent characterized the Court's approach as "eliminating, in all but name only, judicial review of military regulations" impinging on the constitutional rights of servicemen. Id. at ----, 106 S.Ct. at 1317 (Brennan, J., dissenting).
 
 
 1
 Furthermore, the Court recognized that courts are "ill-equipped to determine the impact upon discipline that any particular intrusion upon military authority might have." Id. at ----, 106 S.Ct. at 1313-1314, quoting Warren, The Bill of Rights and the Military, 37 N.Y.U.L.Rev. 181, 187 (1962); see also Khalsa, 779 F.2d at 1395 n. 1. The Court also adopted an approach of "great deference to the professional judgment of military authorities" on matters of military expertise and experience. --- U.S. at ----, 106 S.Ct. at 1313; see also Khalsa, 779 F.2d at 1395 n. 1, 1400. It is these very concerns, articulated by the Supreme Court in Goldman, that constitute the underpinnings for the Mindes rule restricting the availability of judicial review over military regulations and decisions.
 
 
 2
 Finally, the Mindes test provides for the weighing of the strength of the plaintiff's claim as one factor in determining its justiciability. See Khalsa, 779 F.2d at 1398-99. If the military may regulate the wearing of a relatively unobtrusive yarmulke in the interests of uniformity, surely it may prohibit the wearing of turbans, unshorn hair, and iron bracelets, which are obviously a more significant departure from uniform appearance standards.[2] The Goldman decision broadly upholds the professional judgment of the military that uniform appearance standards are necessary for a unified and disciplined military service in the defense of our country.
 
 
 3
 For these reasons, we reaffirm our earlier judgment declining to review Khalsa's challenge to military appearance regulations and approving the dismissal of Khalsa's complaint for failure to state a claim upon which relief could be granted.
 
 
 4
 BOOCHEVER, Circuit Judge, concurring and dissenting in part:
 
 
 5
 I dissent from the portion of the order that holds the military's decision in this case is non-reviewable. The Supreme Court reviewed a similar decision in Goldman v. Weinberger, No. 84-1-097. We should likewise review the merits of Khalsa's claim. Because we are bound by the Supreme Court's decision in Goldman, I concur in the result.
 
 
 
 *
 Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation
 
 
 [1]
 That the Supreme Court elected not to address the reviewability issue in Goldman is further evidenced by its failure to make any reference, of approval or disapproval, to the Mindes decision. The Mindes doctrine of limited reviewability of military regulations has been adopted by eight circuits and rejected by two. Khalsa, 779 F.2d at 1396, 1397 n. 3. Had the Court determined to resolve this disagreement between the circuits, it would surely have made some reference to the seminal decision on the issue
 
 
 [2]
 Indeed, several members of the Court, concurring and dissenting in Goldman, referred to the Sikh practice of wearing a turban and implied that military regulation of such a practice would be even more easily justified than regulation of an unobtrusive yarmulke. See --- U.S. at ----, 106 S.Ct. at 1314 (Stevens, J., concurring, joined by White and Powell, JJ.); --- U.S. at ----, 106 S.Ct. at 1319 & n. 4 (Brennan, J., dissenting, joined by Marshall, J.)