### In re Grievance of Dianna Nagley Gage

[398 A.2d 297]

No. 133-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 6, 1979

*Alan S. Rome,* Vermont State Employees' Association, Inc., Montpelier, for Plaintiff.

*M. Jerome Diamond,* Attorney General, *Louis P. Peck,* Chief Assistant Attorney General, and *Jeffrey L. Amestoy,* Assistant Attorney General, Montpelier, for Defendant.

**Larrow, J.** The State of Vermont, as employer, appeals from an amended order of the Vermont Labor Relations Board, setting aside the discharge from state employment of claimant Gage and ordering back pay. Four questions were certified, all involving the meaning of the concept of "just cause" for discharge. Essentially this was the subject matter of our recent opinion in *In re Grievance of Brooks,* 135 Vt. 563, 382 A.2d 204 (1977). Our disposition of the instant case renders full recital of these questions unnecessary, a fortuitous result in that they were

certified by a chairman of the Board whose predecessor, rather than himself, presided over the hearing and issued the findings and conclusions. In our view, compliance with V.R.A.P. 13(d) requires such certification by the "presiding officer" who in fact presided.

The parties concede that the principles which we enunciated in *Brooks* are controlling here. The grievant seeks to distinguish the cases on their facts. The Board also recognized the applicability of our holding in *Brooks.* In an attempt to conform to that opinion, the Board amended its previously issued order, in effect changing the bulk of its orders to recommendations and suggestions. These included provisions that the State offer counselling, impose an additional 120 day probationary period, require medical justification for sick leave, and require that requests for annual leave be in writing and be made well in advance. The claimant contends that these revisions save the decision below from reversal under *Brooks.* She argues that the Board conclusion of no just cause for termination is supported by the evidence, particularly since the notice of termination specifies *only* failure to timely return from maternity leave. The State contends that, despite revisions of form, the Board's conclusions are based upon its position, repudiated in *Brooks*, that "step discipline" and counselling are mandatory. It says that, as in *Brooks*, the whole record compels a finding that, as a matter of law, just cause for termination existed. We agree with the State, and reverse.

As Mr. Justice Billings clearly pointed out in *Brooks*, jurisdiction of the Board in grievance proceedings is governed by the definition of the term grievance in 3 V.S.A. § 902(14). In these circumstances, that jurisdiction is limited to determining whether there was just cause for the dismissal of the grievant under the collective bargaining agreement. *Brooks, supra,* 135 Vt. at 570, 382 A.2d at 208–09. The just cause clause in a bargaining agreement extinguishes the right to fire an employee arbitrarily. Just cause means some substantial shortcoming detrimental to the employer's interests which the law and sound public opinion recognize as a good cause for dismissal. Instances of repeated conduct insufficient in themselves may accumulate so as to provide for just cause for dismissal. *Id.* at 568, 382 A.2d at 207. The changes which the Board made in its findings and conclusions, after receiving our opinion in *Brooks*, did remove some objectionable aspects of its original order, and did expressly

state that it found no just cause to have existed for discharging the grievant. But they left unchanged in one essential the Board's concept of its role. The findings are long and intricate, as are the conclusions, but a fair reading discloses that the essence of the Board's order is that it disagrees with the action taken by the employer. They stated that discharge should be a last resort, that there was no prior suspension or discipline, no counselling, and that numerous warnings were rendered "somewhat meaningless and fruitless by a failure to follow through" with advice and suggestions. The Board then concluded, in the same paragraph, that the grievant was discharged without just cause.

It is thus apparent that the underlying philosophy of the Board's conclusion, despite subtle alterations in language, is still the reasoning that we struck down in *Brooks*, *i.e.*, that step or progressive discipline is an inherent element of discharge procedures, and that failure to resort to less severe measures than discharge is, in effect, a waiver of what might otherwise be good cause. Thus, the Board still misconstrues its function. Its duty is to decide whether there was, in law, just cause for the action taken, not whether it agrees or disagrees with that action. It has power to police the exercise of discretion by the employer and to keep such actions within legal limits. But the Board is not given, by the statute or by the agreement, any authority to substitute its own judgment for that of the employer, exercised within the limits of law or contract.

Viewed in this light, the Board's conclusions are erroneous and are unsupported by its own findings, many of which are challenged by the State in any event. They show a job history at times satisfactory, and at other times unsatisfactory as to work habits, particularly because of excessive absenteeism. A warning period was imposed shortly before the failure to report after maternity leave, which was the specified ground of dismissal. The grievant admittedly secured no extension of that leave from her supervisor, and made only one attempt to contact that supervisor, through a phone call to a co-worker. She claimed difficulty in weaning her baby as the reason for her nonreturn, and took a vacation during the period of her self-extended leave. As the Board summarized the problem:

> She had a serious problem, there is no doubt, even a mental block, if you will, feeling it necessary to absent herself quite frequently from work on a pay basis as well as a non-pay

basis. The circumstances of her Thanksgiving holiday absence are still unclear. We know that she did not return to work on the 29th, as ordered, but it is not quite clear why she did not or what attempts she made to reach her supervisor, except through Mrs. Fadden.

■ As in *Brooks*, we find from the record before us, that just cause for dismissal existed as a matter of law. Previously placed on probationary status and warned of dismissal as a possible consequence of continuing her habitual absences, the employee nonetheless extended her maternity leave without securing advance approval. The casual manner in which she did this, despite repeated warnings, was in itself just cause for dismissal; the previous incidents, not specified as the ground for termination, nonetheless color the particular act upon which the discharge was based. The "substantial shortcoming detrimental to the employer's interest" of which we spoke in *Brooks* was clearly manifested here by the employee's continued course of conduct, and the Board's reinstatement order was in error.

*Reversed; the order of the Vermont Labor Relations Board is vacated, and the dismissal is reinstated.*