### In re Grievance of Selma Guttman and Walter Minaert

[431 A.2d 491]

No. 136-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

575

*Robert J. Kurrle* and *Deborah T. Bucknam*, Montpelier, for Plaintiff.

*Paul K. Sutherland* of *Doremus, Congleton & Jenkins*, Essex Junction, for Defendant.

**Billings, J.** This is an appeal from a decision of the Vermont Labor Relations Board dismissing the appellant's grievance.

The appellant Guttman was hired as a teacher in 1951 by Johnson State College. From 1951 to 1964 she was a member of the Vermont State Teachers' Retirement System (STRS). In 1961 the legislature created the appellee, Vermont State Colleges, as a public corporation to own and manage Johnson State College, as well as several other institutions. 16 V.S.A. § 2171. In 1963 the appellee offered each faculty member the option of remaining in STRS or of joining a new retirement plan, the Teacher's Insurance Annuity Association College Re-

tirement Equities Fund (TIAA–CREF). New faculty members were required to join TIAA–CREF. Most of the faculty, including the appellant, joined the new plan. When the appellant reached the age of 65 during the 1979–80 academic year, she was informed that 65 was the age of mandatory retirement and that she would not be rehired for the following year. The appellant filed a grievance with the Vermont State Colleges, contending that in her case the mandatory retirement age was 70. The grievance was denied, and the appellant then filed her grievance with the Vermont Labor Relations Board (Board). The Board decided 65 was the age of mandatory retirement in the appellant's case, and dismissed the grievance. This appeal followed.

The appellee has contended both here and before the Board that the petition should be dismissed because the Board lacks jurisdiction over this matter. The Board's jurisdiction is limited to what is conferred by statute. *In re Brooks,* 135 Vt. 563, 382 A.2d 204 (1977). The Board has the jurisdiction to determine employee grievances. 3 V.S.A. § 926; *In re Stacey,* 138 Vt. 68, 411 A.2d 1359 (1980). This jurisdiction is limited by the definition of the term "grievance" in 3 V.S.A. § 902(14). *In re Stacey, supra; In re Gage,* 137 Vt. 16, 398 A.2d 297 (1979). A grievance is defined in part as an "expressed dissatisfaction . . . with aspects of employment or working conditions under collective bargaining agreement or the discriminatory application of a rule or regulation . . . ." 3 V.S.A. § 902(14). As there is no claim before us that there has been any discriminatory application of a rule or regulation, the jurisdiction of the Board must be based on a claim involving the collective bargaining agreement in effect between the Vermont State Colleges and the Vermont State Colleges Faculty Federation. As the Board's decision was based on its interpretation of the collective bargaining agreement, we find that the Board's exercise of jurisdiction was proper.

The parties agree that the collective bargaining agreement does not clearly state the mandatory retirement age. Article XXXI of the agreement deals with retirement and provides as follows: "The age of normal retirement from service on the faculty of a College will be 65 years. The date of normal retirement shall be the terminal date of the academic year

in which the faculty member is 65. A president may grant extensions of service beyond mandatory retirement age for indefinite periods not to exceed one year each." In its interpretation of this Article, the Board concluded that the "mandatory" retirement age referred to in the last sentence has a meaning different from the "normal" retirement age referred to in the first two sentences. The Board recognized that any faculty members who decided not to transfer to TIAA–CREF and who remained in STRS had a statutory right to the mandatory retirement age of 70. 16 V.S.A. § 1937; *Cole v. Town of Hartford School District*, 131 Vt. 464, 306 A.2d 101 (1973). Most of the faculty did transfer to TIAA–CREF, and the Board found the mandatory retirement age for this group to be 65. Thus 65 would be the "normal" age of retirement. The mandatory retirement age would be 70 for those faculty members under the STRS plan, and 65 for those under the TIAA–CREF plan.

We agree with the Board's interpretation to this point. As we must presume that the parties intended to make an agreement that would be legally valid, *H. P. Hood & Sons v. Heins*, 124 Vt. 331, 205 A.2d 561 (1964), the Article on retirement in the collective bargaining agreement should be interpreted to encompass retirement rights guaranteed by statute. The Board then decided that as the appellant had transferred to TIAA–CREF, 16 V.S.A. § 1937 did not apply to her, and that for her the mandatory age of retirement was 65. We disagree.

When the Vermont State Colleges was established in 1961, the legislature gave the Board of Trustees the power to make bylaws and regulations for the institutions, 16 V.S.A. § 2174, but provided that these bylaws could not diminish "the rights as to tenure and status now held by those officers and employees transferred to the corporation from other state institutions replaced by this corporation. . . ." 16 V.S.A. § 2175. We hold that among the rights guaranteed to the faculty transferred to the Vermont State Colleges was the right to a retirement age of 70 guaranteed by 16 V.S.A. § 1937. Since we presume the parties intended that their agreement would be legally valid, *H. P. Hood & Sons v. Heins, supra,* we interpret Article XXXI of the collective bargaining agreement to encompass this statutory right.

The appellee argues, however, that the appellant waived this right when she elected to join TIAA–CREF. A waiver is the intentional relinquishment of a known right. *Segalla* v. *United States Fire Insurance Co.*, 135 Vt. 185, 373 A.2d 535 (1977). The burden of establishing a waiver is on the person asserting it. *Liberty Mutual Insurance Co.* v. *Cleveland*, 127 Vt. 99, 241 A.2d 60 (1968). In this case the appellant did understand that there were differences in the benefits between the two retirement plans, but she testified that she was assured that she would not lose any rights by joining TIAA–CREF. There is no evidence in the record that the appellant knew that she would lose the right to retire at age 70 by joining the new retirement plan. Without such knowledge there can be no waiver. *Liberty Mutual Insurance Co.* v. *Cleveland, supra.*

We hold that under 16 V.S.A. § 2175 and the collective bargaining agreement the appellant, absent a waiver, had a right to retire at age 70. There is no evidence in the record that she waived this right.

*Reversed and remanded to the Board for the entry of an appropriate order.*