## In re Grievance of Richard Friel

[450 A.2d 1111]

No. 124-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed August 6, 1982

*Michael R. Zimmerman*, Montpelier, for Plaintiff-Appellee.

*John J. Easton, Jr.*, Attorney General, and *Bennett Evans Greene* and *J. Scott Cameron*, Assistant Attorneys General, Montpelier, for Defendant-Appellant.

**Barney, C.J.** A state employee filed a grievance alleging that his personnel file contained material relating to two prior grievances which he had filed but as to which he had not prevailed. It is his claim that under the applicable collective bargaining agreement any material from past grievances are to be removed to prevent future discrimination. After a hearing in which the grievant was the sole witness the Labor Relations Board sustained the complaint, and ordered the materials removed from the personnel file. The State appeals.

Article XVI, Section 7, of the collective bargaining agreement then in effect provides:

> The parties agree, subject to applicable law, that every employee may freely institute complaints and/or griev-

ances without threats, reprisal, or harassment by the employer.

The issue confronting us on appeal is whether the Board was correct in its opinion that this provision precludes the inclusion of past grievance material in personnel files, and whether, having done so, that circumstance alone is sufficient to support jurisdiction over this grievance.

Jurisdiction is conferred on the Vermont Labor Relations Board under the collective bargaining agreement where an actual controversy between the parties exists. See *Town of Cavendish* v. *Vermont Public Power Supply Authority*, 141 Vt. 144, 446 A.2d 792 (1982). It cannot be conferred by stipulation or waiver of the parties. *Id.*

Here the grievant neither claimed nor proved past or present discrimination against him, or even the threat of such injury, see *Robtoy* v. *City of St. Albans*, 132 Vt. 503, 505–06, 321 A.2d 45, 47 (1974). The Board itself merely concluded that "The potential for future discrimination exists." However, the entire purpose of the provision in the collective bargaining agreement which the Board has read to require removal from an employee's file of material relating to past grievances is preventive. It is designed to forestall injury, and is a perfectly valid concern of collective bargaining.

Granting employees the right to freely institute complaints and grievances without threats, reprisal, or harassment by their employers assures them that other rights accruing to them under the contract or by statute can be enforced without fear. The language in the agreement merely augments that of our State Employees Labor Relations Act, which makes it an unfair labor practice for an employer to interfere with, restrain, coerce, or discriminate against an employee because the employee has filed charges or complaints, or instituted or appealed grievances. 3 V.S.A. § 961.

The benefit found by the Board to have been bargained for may be rendered unenforceable and valueless in its preventive aspects if enforcement must await damages. To say that injury or the threat of it must come to pass before a controversy will be found denies the very concern behind the contracting parties' agreement.

It is performance of the provision, not recompense for harm, that is at issue here. In this kind of situation the law has no special jurisdictional bias against grievance proceedings that bars a remedy here of which we are aware. Contractual law supports jurisdiction in the Board, and further, in line with its expertise, the Board fashioned appropriate relief. We therefore affirm the Board's decision.

*Judgment affirmed.*

**Billings, J.,** dissenting. I must respectfully dissent. The majority fails to adequately and correctly address the determinative jurisdictional issue: whether the Labor Relations Board had jurisdiction to entertain the grievance. In my opinion the grievant failed to state a cognizable claim. He did not allege that he was injured by the alleged contract violation, nor did he allege any threat of future injury as a result of the alleged violation.

To confer jurisdiction on the Vermont Labor Relations Board under the controlling statute, there must be a grievance, see 3 V.S.A. § 926, i.e., an actual controversy between the parties, see *Town of Cavendish* v. *Vermont Public Power Supply Authority*, 141 Vt. 144, 148, 446 A.2d 792, 794 (1982). Implicit in the statutory definition of grievance, 3 V.S.A. § 902(14), is the element of real injury, or at least the palpable threat of injury, to the employee. This grievance, however, presented no allegation of injury. Neither the Board nor this Court sits to adjudicate potential or illusory disputes. The Board has no jurisdiction in the absence of an allegation of injury, which is a necessary element of any grievance. Since the appellee's grievance did not contain such an allegation, the Board was without jurisdiction to decide his claim.

In dissenting from the majority opinion, I would reverse the Vermont Labor Board's decision and dismiss the grievance.

I am authorized to state that Mr. Justice Hill joins this dissent.