GRIEVANCE of Harold JANES.

[474 A.2d 1258]

No. 504-81

March 7, 1984. The decision of the Vermont Labor Relations Board finding that no just cause existed for appellant's dismissal is affirmed. That portion of the Board's decision ordering the dismissal letter to be replaced with a letter of removal is reversed. In imposing this remedy, the Board exceeded its authority and substituted its own judgment for that of the employer. *In re Harrison*, 141 Vt. 215, 219, 446 A.2d 366, 367, 367–68 (1982) (citing *In re Gage*, 137 Vt. 16, 19, 398 A.2d 297, 299 (1979)). Remanded to the State of Vermont, Department of Corrections, for such further action as may be appropriate under the contract between the parties.

Louis and Christine KINGSBURY v. Richard and Ardelle VILLE-NEUVE.

[475 A.2d 241]

No. 82-326

March 19, 1984. Where a contract is governed by the Statute of Frauds, in this case 12 V.S.A.

§ 181(5), "any changes made are subjected to the same requirements of form as the original provisions." *Evarts* v. *Forte*, 135 Vt. 306, 311, 376 A.2d 766, 769 (1977). Defendants' oral modification of the written contract is therefore unenforceable, and the judgment for plaintiffs is affirmed.

STATE of Vermont v. Paul F. Mc-GUIRE.

[475 A.2d 241]

No. 82-450

March 23, 1984. The motion of appellant's attorney to dismiss the appeal of his conviction is granted. Since his death on January 10, 1984, has deprived him of his right to our decision, the interests of justice require that he not stand convicted without a resolution of the merits of his appeal. The cause is therefore remanded to the District Court of Vermont, Unit 1, Rutland Circuit, which is directed to vacate the conviction. *United States* v. *Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977).