## Joseph F. Boynton v. Richard Snelling, et al.

[522 A.2d 232]

No. 84-520

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed January 2, 1987

*Michael R. Zimmerman,* VSEA Staff Attorney, Montpelier, for Plaintiff-Appellant.

*Jeffrey L. Amestoy,* Attorney General, and *Geoffrey A. Yudien,* Assistant Attorney General, Montpelier, for Defendants-Appellees.

**Allen, C.J.** Plaintiff alleges that the State violated Vermont's civil service statutes by refusing to consider him for a civil service promotion. The State moved to dismiss plaintiff's complaint, asserting that plaintiff had an administrative remedy available under 3 V.S.A. § 926. The State's motion was granted. Plaintiff appeals from that decision. We affirm.

Plaintiff, at all relevant times, was a classified employee of the state of Vermont. In the spring of 1984, a position as a classified employee with the Vermont Department of Libraries became va-

cant. Plaintiff applied for the position, took and passed a qualifying written examination, and on June 25, 1984, interviewed for the position. He was informed that he could not be hired based on budgetary constraints. Given his prior state service, he would have been entitled to a salary exceeding the minimum set for the position. Plaintiff informed the Department of Personnel that he was denied a promotional opportunity based on his classified status and received no response. Plaintiff then instituted the present action.

Plaintiff argues that allowing budgetary considerations to be a factor in hiring decisions violates 3 V.S.A. §§ 312(b)(1) and 327(a). 3 V.S.A. § 312 outlines Vermont's "merit system" for employees in state government and lists "merit system principles"; 3 V.S.A. § 327(a) directs an appointing officer to make a diligent effort to recruit an employee from within the classified service to fill a vacancy in that service. Plaintiff contends that violations of 3 V.S.A. §§ 312(b)(1) and 327(a) are not "grievances" under 3 V.S.A. § 902(14) because they are statutory and not based on either a violation of a collective bargaining agreement or the discriminatory application of a rule or regulation. The sole question on review is whether the court below properly dismissed plaintiff's complaint for failing to have exhausted the applicable grievance procedure.

As a public administrative body, jurisdiction of the Vermont Labor Relations Board (Board) is exclusively conferred by statute. *In re Brooks,* 135 Vt. 563, 570, 382 A.2d 204, 208 (1977). In grievance proceedings, the jurisdiction of the Board is governed by the definition of the term "grievance" in 3 V.S.A. § 902(14). *In re Gage,* 137 Vt. 16, 18, 398 A.2d 297, 298 (1979); *Brooks,* 135 Vt. at 570, 382 A.2d at 208-09.

3 V.S.A. § 902(14) provides, in pertinent part, that:

> [A] "[g]rievance" [is] an employee's . . . expressed dissatisfaction . . . with aspects of employment or working conditions under collective bargaining agreement [sic] or the discriminatory application of a rule or regulation . . . .

The statute therefore outlines two types of grievances: expressed dissatisfaction involving a collective bargaining agreement or the discriminatory application of a rule or regulation. *In re Guttman,* 139 Vt. 574, 576, 431 A.2d 491, 493 (1981). Dissatisfaction with a collective bargaining agreement is not at issue;

plaintiff's complaint is only a grievance if it involves discriminatory application of a rule or regulation.

In his brief, plaintiff argues that statutory violations under 3 V.S.A. §§ 312(b)(1) and 327(a) are not addressed in the state Rules and Regulations for Personnel Administration (Rules). If this argument were valid, then the alleged statutory violations could not constitute the "discriminatory application of a rule or regulation," 3 V.S.A. § 902(14), and plaintiff's complaint would not constitute a "grievance." Plaintiff concedes that "it is at least arguable that Section 3.03 [of the Rules, entitled "Discrimination"] implements 3 V.S.A. § 312(b)(1)." Plaintiff finds no other section of the Rules, however, which purports to implement 3 V.S.A. § 327(a).

Several sections of the Rules* address plaintiff's concern that he was discriminated against as a classified employee. Rule 1.01(1) generally provides that personal administration must be based on "merit principles and sound management concepts." More specifically, Rule 11.01, entitled "Method of Making Promotions," provides that:

> As far as is practicable and feasible, a vacancy shall be filled by promotion of a qualified employee based upon individual performance, as evidenced by recorded performance evaluation reports, and capacity for the new position.

This rule is applicable to classified employees, and would include plaintiff's situation of applying for a classified position.

The court below properly granted the State's motion to dismiss. The question of whether a hiring decision based on budgetary constraints violates merit system principles is covered by applicable rules and regulations, is a "grievance," and is a determination the Board can properly make. 3 V.S.A. § 902(14). Cf. *In re McMahon*, 136 Vt. 512, 514, 394 A.2d 1136, 1137 (1978) (request to reclassify a State employee's job grade is not a "grievance"). Plaintiff has a remedy pursuant to 3 V.S.A. § 926.

*Affirmed.*

---

* The Rules were adopted pursuant to 3 V.S.A. § 310(d). See Rule 1.02.