Charles Ray SANDIDGE, III, a
Washington resident,
Plaintiff-Appellant,

v.

The STATE OF WASHINGTON, Lieutenant Colonel Frederick Boutz, a Washington resident, and Major Terry L. Reed, a Washington resident, Defendants-Appellees.

No. 85–4058.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 1986.

Decided March 31, 1987.

Perkins Coie and Gordon A. McHenry, Jr., Seattle, Wash., for plaintiff-appellant.

James M. Johnson, Sr. Asst. Atty. Gen., and David Walsh, Asst. Atty. Gen., Olympia, Wash., for defendants-appellees.

Before TANG, FARRIS and POOLE, Circuit Judges.

POOLE, Circuit Judge:

While serving as an officer in the Washington National Guard, Charles Ray Sandidge, III (Sandidge), received an evaluation of his job performance which was markedly poorer than his previous evaluations. He filed this action, alleging that his evaluation had been adversely affected by his failure to join the National Guard Association (NGA), in violation of his constitutional rights. He sought declaratory relief and an injunction requiring the revision of his evaluation to accurately reflect his level of performance. The district court granted summary judgment for defendants and dismissed Sandidge's complaint.

A case is moot if the reviewing court can no longer grant effective relief. *United States v. Oregon,* 718 F.2d 299, 302 (9th Cir.1983). Here, since Sandidge is no longer in the military, revising his contested evaluation would not provide him with any meaningful relief. Sandidge contends that his case is not moot because the evaluation might adversely affect a future

search for certain types of jobs. However, during oral argument, his counsel was unable to specify even one such job for which Sandidge has in fact applied. Such speculative claims of hardship do not convince us that an opportunity to provide meaningful relief still exists. Therefore, we hold that this case is moot.

■ Moreover, assuming, without deciding, that Sandidge's action for equitable relief is not barred outright by *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983) (enlisted military personnel may not maintain suit against a superior officer to recover damages for alleged constitutional violations), we conclude it is not reviewable under the test enunciated in *Mindes v. Seaman*, 453 F.2d 197 (5th Cir.1971). As modified by this Court, the test declares that:

> an internal military decision is unreviewable unless the plaintiff alleges (a) a violation of [a recognized constitutional right], a federal statute, or military regulations; and (b) exhaustion of available intraservice remedies. If the plaintiff meets both prerequisites, the trial court must weigh four factors to determine whether review should be granted:
>
> (1) *The nature and strength of the plaintiff's claim.*
>
> \*　\*　\*　\*　\*　\*
>
> (2) *The potential injury to the plaintiff if review is refused.*
>
> (3) *The extent of interference with military functions.*
>
> (4) *The extent to which military discretion or expertise is involved.*

*Khalsa v. Weinberger*, 779 F.2d 1393, 1398 (9th Cir.), *reaffirmed*, 787 F.2d 1288 (9th Cir.1986) (quoting *Wallace v. Chappell*, 661 F.2d 729, 732–33 (9th Cir.1981), *rev'd on other grounds*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983)) (emphasis in original).

Sandidge brought his claim for relief under 42 U.S.C. § 1983 (1982), alleging that

because he refused to join the NGA, his evaluation was adversely affected, in violation of his right to free association under the First and Fourteenth Amendments and under the Washington state constitution. This satisfies the threshold requirement that violation of a recognized constitutional right be alleged. However, it seems unlikely that available intraservice remedies have been exhausted.[1] Sandidge filed an administrative appeal of his contested evaluation with the Commander of the U.S. Army Reserve Components Personnel and Administration Center. When his appeal was returned without action due to insufficient acceptable evidence, Sandidge simply abandoned the administrative process.

Even assuming that the threshold requirements for review were met here, reviewability would still hinge on a weighing of the four *Mindes* factors. The first *Mindes* factor requires evaluation of the nature and strength of Sandidge's section 1983 claim. Where a facially sufficient claim of violation of the right of free association is involved, the first *Mindes* factor favors review. *See Penagaricano v. Llenza*, 747 F.2d 55, 62 (1st Cir.1984). However, section 1983 applies to a person who, acting under color of a *state* statute, ordinance, regulation, custom, or usage, subjects a U.S. citizen to a deprivation of his constitutional rights. 42 U.S.C. § 1983. Since Sandidge was evaluated by officers acting pursuant to *federal* regulation, *see* Army Regulation 623–105 (dealing with the Officer Evaluation Reporting System), the validity of his section 1983 claim is questionable.

We need not decide whether Sandidge's section 1983 claim is valid, because our consideration of the remaining *Mindes* factors convinces us that his action should not be reviewed in any event. The second *Mindes* factor requires us to assess the potential injury to Sandidge if review is refused. Here, as already noted in our

---

**1.** Sandidge contends that intraservice administrative remedies need not be exhausted, relying on *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (holding that exhaustion of state administrative remedies is not a prerequisite to section 1983 action). Be-

cause we hold that Sandidge's action is not reviewable under the four *Mindes* factors, we leave for another day the decision as to whether the holding in *Patsy* is applicable in a military setting.

discussion of the mootness issue, it seems unlikely Sandidge faces any real hardship. He has left military service, and his claims of adverse impact on other job opportunities are speculative.

The third and fourth *Mindes* factors require consideration of the extent of interference with military functions and the extent to which military discretion or expertise is involved. Evaluation of Sandidge's performance as an officer in the Washington National Guard involved military discretion and expertise. Also, interference with military functions if Sandidge's action were reviewed would be significant. The officers who evaluated Sandidge would have to be examined to determine the grounds and motives for their ratings of him, and other evidence of his performance would have to be gathered for the year in question. *See Gonzalez v. Department of Army*, 718 F.2d 926, 930 (9th Cir.1983).

On balance, the four *Mindes* factors weigh against the reviewability of Sandidge's action. Thus, even if his case were not moot, and even if he had exhausted his available intraservice remedies, we would affirm the district court's judgment.

AFFIRMED.