# Grievance of David Boocock

[553 A.2d 572]

No. 84-368

Present: **Allen, C.J., Peck and Gibson, JJ., and Keyser, J. (Ret.),**
**Specially Assigned**

Opinion Filed September 30, 1988

*Michael R. Zimmerman, VSEA Staff Attorney*, Montpelier, for
Plaintiff-Appellant.

*Jeffrey L. Amestoy, Attorney General*, and *Michael Seibert,
Assistant Attorney General*, Montpelier, for Defendant-Appellee.

**Allen, C.J.** On June 28, 1984, the Vermont Labor Relations
Board (Board) dismissed David Boocock's grievance after con-
cluding that it lacked jurisdiction over the matter. Grievant ap-
peals from the Board's order. We affirm.

Grievant began his career with the Department of Public Safety as a Vermont State Police Officer in December, 1980. After successfully completing his one year probationary period, he acquired the status of a permanent classified employee.

In December of 1982, grievant underwent an annual performance evaluation covering his second year of employment with the Department. Dissatisfied with the outcome of this evaluation, he pursued his grievance through the lower steps of the grievance procedure. After receiving no relief, he appealed to the Board contending that the 1982 performance evaluation violated Article 13 of the collective bargaining agreement then in effect between the State of Vermont and the Vermont State Employees Association (VSEA). Article 13 prescribes the manner in which annual performance evaluations are to be conducted.

Grievant alleged that his supervisors failed to bring identified performance deficiencies to his attention during the rating period. Article 13 of the collective bargaining agreement then in effect provided that "[d]uring the rating year, the immediate supervisor shall call the employee's attention to work deficiencies which may adversely affect a rating, and, where appropriate, to possible areas of improvement." Grievant further alleged that those ratings and remarks included in the 1982 evaluation were incorrect.

Eight days after the grievance was filed and before any hearings were held, grievant resigned from his position. A short time later, he commenced employment with the United States government.

During the hearings the Board questioned whether it had jurisdiction over the grievance due to the earlier resignation. Both parties to the grievance were given the opportunity to and did provide the Board with memoranda on this issue.

After considering the parties' memoranda, the Board dismissed the grievance, finding that it lacked jurisdiction over the matter. The Board based its decision on a finding that the grievance failed to present an "actual controversy." The Board reasoned that "the potential harm to Grievant which may have been caused by an adverse performance evaluation ha[d] been eliminated since he [had] obtained satisfactory employment in the federal service, and there [was] no indication the evaluation at issue here affected his procuring of employment."

The issue before us on appeal is whether the Labor Relations Board erred in its determination that it lacked jurisdiction over the grievance.

As a public administrative body, the Board has only that adjudicatory authority conferred on it by statute. *Boynton* v. *Snelling,* 147 Vt. 564, 565, 522 A.2d 232, 233 (1987); *In re Brooks,* 135 Vt. 563, 570, 382 A.2d 204, 208 (1977). In grievance proceedings, the Board's jurisdiction is limited by both the definition of the term "grievance" in 3 V.S.A. § 902(14),[1] and by the requirement that there be an "actual controversy" between the parties. See *In re Friel,* 141 Vt. 505, 506, 450 A.2d 1111, 1112 (1982).

According to the language used in § 902(14), only an employee, group of employees or employee's collective bargaining representative may bring a "grievance" before the Labor Relations Board. One may qualify as an employee eligible to use the grievance procedure in a number of ways. Qualified employees generally include individuals "employed on a permanent or limited status basis by the state of Vermont" or "whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice . . . ." 3 V.S.A. § 902(5).

We need not reach the issue of whether the grievant, after voluntarily terminating his employment with the state and acquiring work elsewhere, still qualifies as an employee eligible to continue a grievance proceeding, since we agree with the Board that no actual controversy between the parties exists.

"Jurisdiction is conferred on the Vermont Labor Relations Board under the collective bargaining agreement where an actual controversy between the parties exists." *Friel,* 141 Vt. at 506, 450 A.2d at 1112. To satisfy the actual controversy requirement, there must be injury in fact to a protected legal interest or the threat of an injury in fact. *Id.* Where future harm is at issue, the existence of an actual controversy "turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest, or is merely speculating about the impact of some generalized grievance." *Town of Cavendish* v. *Vermont Public Power Supply Authority,* 141 Vt. 144, 147, 446 A.2d 792, 794 (1982).

---

[1] 3 V.S.A. § 902(14) defines grievance as:

an employee's, group of employees', or the employee's collective bargaining representative's expressed dissatisfaction, presented in writing, with aspects of employment or working conditions under collective bargaining agreement or the discriminatory application of a rule or regulation, which has not been resolved to a satisfactory result through informal discussion with immediate supervisors.

The Board's lack of jurisdiction over the grievance stems from the absence of any injury in fact or threat of injury to grievant's legal interests. The fact that he was rehired in a position with the federal government a short time after his voluntary termination indicates the negligible impact, if any, that grievant's 1982 performance evaluation had on his ability to obtain new employment.

Grievant argues that the Board reached its conclusion regarding the absence of harm without a sufficient basis in fact and that it should have allowed him the opportunity to show harm. We disagree. It was undisputed that grievant found new employment shortly after his voluntary termination from the state.[2] This provided a sufficient basis for the Board to determine that no actual controversy existed in this matter. With this information in hand, there was no need for the Board to hear further evidence on the actual controversy issue.

Grievant further argues that the Board made its decision without knowing whether he authorized the release of the adverse evaluation to his new employer or whether his new employer was at all aware of it. This fails to provide support to the argument that grievant's circumstances presented an actual controversy. With or without this information, grievant's current employer still offered him a position, and no injury has been alleged or shown otherwise.

Grievant also points out the lack of evidence before the Board which would enable it to analyze the effect of the adverse evaluation on his ability to find future employment. By failing, however, to continue his grievance action within the context of a specific job pursuit,[3] grievant essentially asked the Board to speculate about what the performance evaluation's general effect might be. The Board correctly declined to do so since there was a lack of an actual controversy under these circumstances. There

---

[2] During the April 12 hearing, the attorney for the state noted, "It is my understanding that he [Boocock] works for the federal government now in a responsible position and has been there for going on a year about this time . . . ." At the May 3 hearing, he also remarked, "that's right, I understand he works for the federal government, Customs and Immigration." At no time during either hearing did grievant or his attorney contest the veracity of these statements.

[3] Grievant, by commencing employment with the federal government with no apparent plans to leave, removed the threat of actual injury to his legal interests sufficient to support the Board's jurisdiction.

was no threat of actual injury to grievant's legal interests. See *Town of Cavendish*, 141 Vt. at 147, 446 A.2d at 794.

■ Grievant also challenges the Board's failure to base its jurisdictional ruling on the reasoning it set forth during the second day of hearings when inviting the parties to submit memoranda on the issue. There, the Board cited the termination of grievant's employment with the state as the sole basis for possibly dismissing the grievance. When handing down its decision, however, the Board relied on both the grievant's termination of employment and subsequent rehiring by the federal government. According to the grievant, had the Board based its ruling on only those statements made during the hearings, it would not have dismissed grievant's grievance.

This challenge fails since its effect would be to enlarge the jurisdiction of the Board. In determining whether it had jurisdiction, the Board was required to examine all of the facts bearing on that issue, and this examination supports the conclusion that an actual controversy did not exist and that the Board was without jurisdiction.

We need not address grievant's third and final contention regarding the Board's authority to provide a remedy in light of our holding that the Labor Relations Board was without jurisdiction to hear the grievance.

*Affirmed.*