### In re Grievance of John Moriarty

[588 A.2d 1063]

No. 88-302

Present: Allen, C.J., Gibson, Dooley and Morse, JJ., and Peck, J. (Ret.), Specially Assigned

Opinion Filed March 1, 1991

*Michael R. Zimmerman,* VSEA Staff Attorney, Montpelier, for Plaintiff-Appellant.

*Jeffrey L. Amestoy,* Attorney General, and *Michael Seibert,* Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Gibson, J.** John Moriarty, formerly a Vermont State Police Lieutenant, appeals from a Vermont Labor Relations Board decision that he had failed to prove that his transfer of duty station was disciplinary rather than administrative. We dismiss the appeal as moot.

On August 11, 1987, Moriarty's supervisors informed him that they were preferring disciplinary charges. Minutes later he was told he was being temporarily transferred from Brat-

tleboro to Waterbury, assertedly for administrative reasons. Shortly thereafter, Moriarty learned that the transfer was permanent.

Moriarty filed a complaint with the Board on September 10, 1987. The purpose was to have the transfer order declared invalid on the ground that the proper procedures for a disciplinary transfer had not been followed. He hoped thereby to continue employment with the State Police in the Brattleboro area. He made no damages claim. In response, the State argued that Moriarty was transferred because of a concern that he could no longer effectively supervise the Brattleboro station due to lack of judgment. On May 27, 1988, the Board issued its ruling, holding that Moriarty had failed to establish by a preponderance of the evidence that the transfer was not an administrative transfer made for a legitimate management reason. After Moriarty appealed the order to this Court, and while his appeal was pending, he resigned his position with the State Police. Pursuant to the parties' stipulation, we remanded the matter to the Board for findings on the issue of mootness. Following hearing, the Board issued findings of fact, but reached no conclusions of its own on the issue of mootness. The Board's procedure accorded with the instructions from this Court.

On the day after the Board's ruling on the merits, Moriarty applied for employment at the Vermont Yankee nuclear power plant in Vernon, Vermont. In late September, Vermont Yankee offered him employment as security supervisor. Moriarty subsequently submitted a written request for a leave of absence to Public Safety Commissioner A. James Walton, explaining that the five-hour-per-day commute between his home in Vernon and the Waterbury duty station was disrupting both his work and family life. Upon denial of the request, Moriarty resigned his position with the State Police effective October 27, 1988, and went to work for Vermont Yankee.

On appeal, Moriarty continues to argue that his transfer was in fact disciplinary. He contends the matter is not moot because (1) the label attached to the transfer affects his future employment prospects, (2) he might apply for reemployment with the State Police if he succeeds on appeal, (3) the underlying issues are important to others who may be similarly situated in the future, and (4) his resignation was in reality a constructive dis-

charge. The State confines its argument to the issue of mootness. We hold that inasmuch as there no longer is a justiciable controversy, the matter has become moot, and we therefore do not reach the merits.

 "The general rule is that a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *In re S.H.*, 141 Vt. 278, 280, 448 A.2d 148, 149 (1982) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). "A case is moot if the reviewing court can no longer grant effective relief." *Sandidge v. Washington*, 813 F.2d 1025, 1025 (9th Cir. 1987). A controversy must remain alive throughout the course of appellate review. *Winton v. Johnson & Dix Fuel Corp.*, 147 Vt. 236, 239, 515 A.2d 371, 373 (1986). Even though there was once an actual controversy, a change in the facts can render an issue or entire case moot. *Id.* "Where future harm is at issue, the existence of an actual controversy 'turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest, or is merely speculating about the impact of some generalized grievance.'" *In re Boocock*, 150 Vt. 422, 424, 553 A.2d 572, 574 (1988) (quoting *Town of Cavendish v. Vermont Pub. Power Supply Auth.*, 141 Vt. 144, 147, 446 A.2d 792, 794 (1982)).

Moriarty argues that his future employment prospects are hindered because any prospective employer given access to his employment file would conclude that the transfer was disciplinary. A similar argument was presented in *Boocock*, where the grievant was disputing an adverse job performance evaluation. Boocock argued that even though he had resigned his position with the Vermont State Police, and commenced employment with the federal government, his case was not moot because the adverse evaluation might hinder future employment opportunities. We held that in the absence of a specific job pursuit, no actual controversy existed, noting that Boocock's employment "with the federal government with no apparent plans to leave, removed the threat of actual injury to his legal interests." *Id.* at 425 n.3, 553 A.2d at 575 n.3. Boocock's negative performance evaluation would, if anything, have a greater adverse impact on future employment opportunities than Moriarty's transfer. As in *Boocock*, there remains no actual controversy in the instant

case.* See *Sandidge*, 813 F.2d at 1025–26 (having left the national guard, plaintiff's claims that his unfavorable evaluation might adversely affect other unspecified job opportunities were speculative and his case moot).

■ Moriarty contends that *Boocock* is inapplicable since Boocock did not intend to leave his new job, whereas Moriarty might seek reemployment with the State Police. The mere possibility that one might seek reemployment is not, however, sufficient to transform a nonjusticiable controversy into a justiciable one. See *Bois v. Marsh*, 801 F.2d 462, 466 (D.C. Cir. 1986) (plaintiff's claim moot where she voluntarily resigned from military service even though she stated that she could be interested in resuming an Army career if the procedures being complained of were changed); *Backus v. Baptist Medical Center*, 671 F.2d 1100, 1102–03 (8th Cir. 1982) (plaintiff's challenge to hospital's job assignment policies rendered moot by his voluntary resignation and his failure to seek reinstatement, pursue a damages claim, or institute class action relief). Moriarty concedes that he does not have any legal right to reemployment. Moreover, he has failed to explain why his application for reemployment would be treated more favorably by the State Police if he should succeed with his appeal. In these circumstances, Moriarty is merely "'speculating about the impact of some generalized grievance.'" *Boocock*, 150 Vt. at 424, 553 A.2d at 574 (quoting *Town of Cavendish*, 141 Vt. at 147, 446 A.2d at 794).

Moriarty next argues that others will find themselves in a similar position and the Court should therefore address the merits. This contention is without merit inasmuch as Vermont has not adopted a general public-interest exception to the mootness doctrine. *In re M.A.C.*, 134 Vt. 522, 523, 365 A.2d 254, 255 (1976) (per curiam).

---

\* Although the issue in *Boocock* was whether the Board had jurisdiction to hear the grievance, the analysis rested upon principles of standing and justiciability. *Boocock* is therefore applicable to the instant case. See 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3531.12 (2d ed. 1984) (discussing close relationship of mootness, ripeness, and standing doctrines).

■ Moriarty argues finally that the case has "the earmarks of a constructive discharge," citing *In re Bushey*, 142 Vt. 290, 455 A.2d 818 (1982), since the employer, by selecting transfer as a penalty, could not have picked a surer way to drive him from state service. Moriarty has, however, waived this argument inasmuch as he did not pursue it before the Board. *In re Gorruso*, 150 Vt. 139, 141, 549 A.2d 631, 633 (1988); *In re McMahon*, 136 Vt. 512, 514, 394 A.2d 1136, 1138 (1978). In any event, Moriarty does not make any claim that he was transferred for the purpose of forcing his resignation. See *In re Bushey*, 142 Vt. at 298, 455 A.2d at 822 (an "involuntary" resignation must be "the product of purposeful actions directed at obtaining the resignation").

*Appeal dismissed.*