*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-054

DECEMBER TERM, 2016

| | |
|---|---|
| In re Gordon Campbell | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 261-3-14 Cncv |
| | |
| | Trial Judge: Helen M. Toor |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the court's denial of his request for post-conviction relief (PCR). On appeal, petitioner argues that the criminal division improperly refused to resentence him following a successful PCR petition and he was forced into accepting a plea agreement. We affirm.

In 2007, petitioner pleaded guilty to sexual assault, aggravated assault, and a violation of his conditions of release. The plea agreement stated that the State was capped at arguing for a sentence of five to twenty years. The court accepted the plea and sentenced petitioner to thirty months to thirty years. In 2011, petitioner filed a PCR petition, alleging several defects in the police investigation and counsel's performance. The PCR court concluded that because petitioner was not informed by the sentencing court that he could withdraw his plea once the court rejected the sentence contained in the plea agreement, there was a violation of Rule of Criminal Procedure 11. In the summer of 2013, the PCR court vacated petitioner's sentence and remanded to the criminal division with leave for petitioner to withdraw his plea if he chose to do so. The court declined to address petitioner's other claims, including that police violated his Miranda rights, that he was subject to an unreliable identification, that police seized evidence without a warrant, and that he received ineffective assistance of counsel. It explained that if petitioner chose to withdraw his guilty plea in the criminal division, he could pursue those claims in that court.

In the criminal division, the court initially refused to allow petitioner to withdraw his plea. It took the position that the civil division had authority in the context of the PCR to vacate the sentence, but not to give petitioner leave to withdraw his guilty plea in the criminal division. The court ordered a new presentence investigation (PSI) report and a psychosexual report, scheduled a sentencing hearing, and invited petitioner to file a motion to withdraw his plea.

Subsequently, petitioner's counsel notified the court that the parties had reached an agreement on a stipulated sentence and asked for a conference to review the terms and impose a sentence. In that same communication, defense counsel enclosed two motions, including a motion to withdraw petitioner's plea. He indicated that he was filing these motions to preserve petitioner's rights, but asked the court to address them only if it rejected the stipulated sentence. The court ultimately accepted the new plea agreement and accordingly did not rule on the motion to withdraw the plea.

Petitioner filed this PCR petition in March 2014, challenging the second conviction and sentence pursuant to the new plea agreement on several grounds. Petitioner challenged the police investigation, the validity of a warrant, and the sentencing court's initial refusal to allow him to withdraw his plea. Petitioner also asserted that the sentencing court erred in ordering a new PSI over his objection. The PCR court granted the State's motion for summary judgment. The PCR court concluded that by pleading guilty on remand to the sentencing court, petitioner had waived his right to challenge the validity of the search warrant and the alleged discovery violations. The PCR court also concluded that the sentencing court had discretion to order a new PSI, and doing so was not grounds for post-conviction relief. Finally, the PCR court concluded that petitioner's claims regarding the court's initial refusal to allow him to withdraw his plea was moot because petitioner had subsequently entered a new plea agreement.

On appeal, petitioner argues that he was forced into accepting a new plea because the criminal division refused to allow him to withdraw his plea pursuant to the terms of the first PCR court's order. Insofar as petitioner alleges that the criminal division was in error when it initially refused to allow withdrawal of petitioner's prior plea, we conclude that this claim became moot when the court allowed him to enter a new plea agreement. Petitioner's initial plea agreement is no longer in effect and there is no further relief this Court could grant relative to that agreement. See In re Moriarty, 156 Vt. 160, 163 (1991) (explaining that case becomes moot when court can no longer grant relief).

There is also no merit to petitioner's claim that the new plea agreement is invalid because he was compelled to enter it.* In the State's motion for summary judgment, it alleged that petitioner's second plea agreement had been entered knowingly and voluntarily and consistently with Rule 11. As part of the colloquy relative to that plea, the court was required to inquire whether petitioner entered the plea willingly or whether it was the "result of force or threats or of promises apart from a plea agreement." V.R.Cr.P. 11(d). The transcript of the plea colloquy was provided to the PCR court as an exhibit to the State's motion for summary judgment. The transcript reveals that, among other things, the court inquired whether petitioner was able to think clearly that day and petitioner answered affirmatively. The court also asked whether petitioner was entering his plea freely and voluntarily and petitioner again answered affirmatively. In response to the State's motion for summary judgment, petitioner failed to controvert this evidence of voluntariness with any evidence to support his claim that that he was forced to enter the plea. See V.R.C.P. 56(e) (where party fails to address fact alleged by other party, court may consider fact undisputed). Therefore, we conclude that the PCR court properly entered summary judgment for the State.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

---

* On appeal, the State asserts that petitioner failed to properly raise this claim below. Petitioner's statements in his initial complaint and revised complaint that he was "forced" to take the plea and he "felt like [he] had to take [the new] deal" were sufficient to preserve the claim for appeal.

2