VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 69-6-19 Vtec



| Zlotoff Foundation Inc. NOV (2) |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Amend Statement of Questions (Motion #10)

Filer:          The Zlotoff Foundation, Inc.

Attorney:       James F. Conway, III

Filed Date:     March 24, 2020

Response in opposition filed on 04/10/2020 by Attorney William Andrew MacIlwaine
          for the Town of South Hero.

Reply in support filed on 04/27/2020 by Attorney James F. Conway III for the
          Zlotoff Foundation, Inc.

**The motion is DENIED.**

Appellant Zlotoff Foundation, Inc. ("the Foundation") appeals a decision of the Town of South Hero Development Review Board ("DRB") denying its appeal from two municipal Notices of Violation ("NOVs") issued to the Foundation by the Town of South Hero ("Town") Zoning Administrator ("Administrator"). Presently before the Court is the Foundation's Motion to Amend the Statement of Questions, proposing to add three new questions.[1]

---

[1] The Foundation proposes Questions 16, 17, and 18, as follows:

16. Did the Town deprive the Foundation of due process of law by issuing the NOV for the Foundation's operation of the Museum, and then contesting the Foundation's standing before this Court for insufficient indicia of ownership?

17. Did the Town deprive the Foundation of due process of law by failing to address AIR Development with an NOV related to the Foundation's operation of the barn, and then filing a complaint for injunctive relief and civil penalties against it?

18. To the extent that the Court determines that 24 V.S.A. §§ 4451, 4465, 4471 & 4472 collectively provide that a lessee, as an alleged offender, can be noticed with a violation and fined, and have no recourse under the statutory scheme, while at the same time the Town can be allowed to fail to provide notice to the title owner that it must appear and appeal or forego any right to contest the alleged violation, are the statutes void on their face and "as applied" under the Fourteenth

This Court has interpreted V.R.E.C.P. 5(f) to allow an appellant to amend the Statement of Questions. *See, e.g.*, Laberge Shooting Range JO, No. 96-8-16 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Jan. 4, 2017) (Walsh, J.), *aff'd*, 2018 VT 84. As with motions to amend complaints pursuant to V.R.C.P. 15, "motions to amend a Statement of Questions are to be liberally granted, so long as they do not prejudice the other party . . . ." In re Ridgewood Estates Homeowners' Ass'n & Indian Creek Homeowners' Ass'n, No. 57-4-10 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 26, 2011) (Wright, J.); *see also* V.R.C.P. 15(a) (mandating that leave to amend "shall be freely given when justice so requires."). In this case however, we conclude that the questions proposed by the Foundation are either mooted by our decision on the parties' motions for summary judgment, issued concurrently with this entry order, or they are beyond the scope of our limited appellate jurisdiction. *See, e.g.*, In re Verizon Wireless Barton Permit, No. 133-6-08 Vtec, slip op. at 3 (Vt. Envtl. Ct. May 20, 2009) (Durkin, J.) ("Legal issues governing [the Court's] jurisdictional authority to hear a pending appeal may be raised at any time, including by this Court sua sponte.").

We begin with proposed Question 18, which challenges the constitutionality of the statutory scheme for municipal zoning appeals "to the extent that the Court determines" that an alleged offender can be served with an NOV and fined without the opportunity to appeal. *See* Motion to Amend Statement of Questions at 4, filed Mar. 24, 2020. Through previous filings associated with the parties' motions for summary judgment, the Town argued that the Foundation lacked statutory standing to contest the NOV directed at the Arnold Zlotoff Tool Museum ("Museum NOV"). Our decision on the motions concludes that the Foundation does have statutory standing to maintain its appeal pursuant to 24 V.S.A. § 4465(b)(3). *See* Zlotoff Foundation, Inc. NOV(2), No. 69-6-19 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Sept. 24, 2020) (Durkin, J.).

Our conclusion that the Foundation has statutory standing to contest the Museum NOV renders proposed Question 18 moot. "Generally, 'a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" In re Grievance of Vt. State Employees' Ass'n, Inc., 2005 VT 135, ¶ 10, 179 Vt. 578 (quoting In re Moriarty, 156 Vt. 160, 163 (1991)). The actual controversy must be present at all stages of review, not just when the case was filed. In re P.S., 167 Vt. 63, 67, 702 A.2d 98, 100 (1997) (citation omitted). Proposed Question 18 would present a live issue only if we were to conclude that the Foundation, or any alleged offender, can be served with a valid NOV and then denied review under the statutes governing municipal zoning appeals. *See* Motion to Amend Statement of Questions at 4. Our conclusion that the Foundation is entitled to review precludes us from reaching the hypothetical conclusion set forth in proposed Question 18. The issue is not live and is therefore moot. *See* In re Grievance of Vt. State Employees' Ass'n, 2005 VT 135, ¶ 10.

Proposed Question 16 asks whether the Town deprived the Foundation of due process by issuing the Museum NOV to the Foundation and then contesting the Foundation's statutory

---

Amendment to the United States Constitution, as well as Article 4 of the Vermont Constitution, because they fail to provide the alleged offender(s) with due process of law?

Motion to Amend Statement of Questions at 4, filed Mar. 24, 2020.

standing in the present appeal. *See* Motion to Amend Statement of Questions at 4. Once again, we note that the issue of the Foundation's standing is "no longer live." Id. To the extent that proposed Question 16 asks whether the Town's litigation strategy itself, in this proceeding, has deprived the Foundation of due process, the Question is outside the scope of our jurisdiction.

In a *de novo* appeal such as this, the Court sits in place of the DRB to consider and adjudicate what was before the DRB, applying the substantive standards that were applicable before the DRB. V.R.E.C.P. 5(g); 10 V.S.A. § 8504(h); *see, e.g.*, In re Maple Tree Place, 156 Vt. 494, 500 (1991) (stating that the "court is limited to consideration of the matters properly warned as before the local board") (citing In re Torres, 154 Vt. 233, 235 (1990)). Because we sit in place of the DRB and here the case anew, we generally do not consider allegations of procedural defects in the proceedings below. *See* Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (*quoting* In re Poole, 136 Vt. 242, 245 (1978)) ("A de novo trial is one where the case is heard as though no action whatever has been held prior thereto."); *see also* Couture Subdivision Permit, No. 53-4-14 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Feb. 23, 2015) (Durkin, J.). We may consider alleged due process violations below, but even then our *de novo* review cures all but the most "systemic or structural error[s]." *See* In re JLD Properties of St. Albans, LLC, 2011 VT 87, ¶ 10, 190 Vt. 259 (quotation and citation omitted); *see also* Couture, No. 53-4-14 Vtec at 3 (Feb. 23, 2015). Furthermore, the due process issue raised in proposed Question 16 does not relate to the proceedings below; rather it addresses the Town's conduct in the current litigation before us. The impact of the Town's legal strategy in the present appeal could not have been considered by the DRB below. Thus, we have no authority to address proposed Question 16 in this *de novo* appeal. *See* In re Maple Tree Place, 156 Vt. at 500.

Proposed Question 17 concerns AIR Development, LLC ("AIR"), an intervenor in this case. That Question asks whether the Town deprived AIR of due process "by failing to address" AIR with the Museum NOV "and then filing a complaint for injunctive relief and civil penalties against it." *See* Motion to Amend Statement of Questions at 4. The Question appears to reference the enforcement action brought by the Town against AIR and the Foundation (Docket No. 17-2-20 Vtec), which involves the same NOVs at issue in this appeal. While the enforcement action has been coordinated with this appeal for the sake of administrative efficiency, the two cases are not consolidated. Issues arising from the separately filed enforcement action are outside the scope of this *de novo* appeal. This appeal is limited to issues that the South Hero DRB addressed, or could have addressed, when it issued its decision on May 29, 2019. *See* In re Maple Tree Place, 156 Vt. at 500 (explaining that the "court is limited to consideration of the matters properly warned as before the local board").

For the foregoing reasons, we conclude that proposed Question 18 raises a moot issue, and proposed Questions 16 and 17 raise issues outside the scope of our jurisdictional authority to address in this *de novo* appeal. The Foundation's motion to amend the Statement of Questions is therefore **DENIED**.

**So Ordered.**

Electronically signed on September 24, 2020 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Brian P. Monaghan (ERN 1186) and James F. Conway, III (ERN 8706), Attorney for
Appellant Zlotoff Foundation, Inc.
William Andrew MacIlwaine (ERN 3436), Attorney for the Town of South Hero
Brian P. Monaghan (ERN 1186), Attorney for Petitioner to Intervene AIR Development, Inc.