VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-107



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2023

| | |
|---|---|
| Mia Wells v. Jeffery Tanner* | APPEALED FROM: |
| | Superior Court, Orleans Unit, |
| | Family Division |
| | CASE NO. 22-FA-03455 |
| | Trial Judge: A. Gregory Rainville |

In the above-entitled cause, the Clerk will enter:

Defendant appeals the family division's denial of his request to vacate an existing relief-from-abuse (RFA) order.  Defendant claims that the RFA is moot and no longer necessary because he is incarcerated.  We affirm.

In December 2022, plaintiff filed a complaint seeking an RFA order against defendant, alleging that defendant sent her threatening messages and threatened to use a firearm.  Following a hearing, the court found that defendant placed plaintiff in fear of imminent serious physical harm and that there was a danger of further abuse.  The court issued a final RFA order, directing defendant to refrain from abusing plaintiff, to not contact plaintiff, and to stay away from plaintiff and her home, vehicle, and employment.  The RFA order also required defendant to surrender certain weapons to law enforcement.  Defendant moved to vacate the order in January 2023 and the court denied the request.[1]  In February 2023, the parties each moved to vacate the order.[2]  Defendant argued that five days before the final hearing on the RFA petition he was incarcerated and therefore there was no longer any risk of physical harm or abuse to plaintiff, and the matter was moot.

The family division denied the request.  The court concluded that the motion did not present a change of circumstances to warrant a modification of the order or satisfy the requirements for relief from judgment.  The court held that defendant's incarceration did not

---

[1]  The court's decision erroneously indicates that these events occurred in January and February 2022.

[2]  Plaintiff filed a separate motion to vacate the final RFA order in February 2023. Plaintiff did not appeal the denial of her motion and therefore we do not address it in this appeal. We also do not respond to defendant's assertions that plaintiff filed for the RFA order under duress and wants contact with defendant.

moot the RFA because the no-contact and weapon-seizure conditions remained live issues even if defendant could not physically contact plaintiff. Defendant appeals.

On appeal, defendant argues that the trial court abused its discretion in denying his motion to terminate the RFA on the ground that it is moot.

Defendant asserts that because he is incarcerated, he presents no risk of harm to plaintiff. "[A] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" or "the reviewing court can no longer grant effective relief." In re Moriarty, 156 Vt. 160, 163 (1991) (quotations omitted). Defendant's incarceration does not make the RFA order moot because contact between the parties continues to be a live issue. The RFA order prevents defendant from contacting or abusing plaintiff, and these actions can still be undertaken while defendant is incarcerated. Moreover, defendant's conditions and surrender of his weapons remain in effect until the expiration of the RFA order regardless of whether defendant is released before the RFA order expires. Because the matter is not moot, the court did not abuse its discretion in denying defendant's request to terminate the RFA order.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice