2012 VT 66

## State of Vermont v. M.W.

[57 A.3d 696]

No. 11-229

Present: Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.

Opinion Filed August 3, 2012

*Robert L. Sand,* Windsor County State's Attorney, White River Junction, for Plaintiff-Appellant.

*William H. Sorrell,* Attorney General, and *Bridget C. Asay,* Assistant Attorney General, Montpelier, for Intervenor-Appellee Vermont Attorney General.

¶ 1. **Burgess, J.** The Windsor County State's Attorney filed this interlocutory collateral final order appeal seeking review on the question of whether 13 V.S.A. § 4815(g)(1) violates the Vermont Constitution's separation-of-powers provision by divesting the trial court of the authority to order an inpatient mental health evaluation of a potentially incompetent defendant. The Attorney General intervened on behalf of the State, arguing that the appeal was improvidently granted, and that the statute is constitutional. We conclude that there is no justiciable claim because the necessity of an inpatient evaluation and the constitutionality of the statute were not decided below. Therefore, we dismiss the appeal.

¶ 2. The issue raised in this appeal involves the statutory provisions concerning mental health evaluations for criminal defendants. The trial court may order a psychiatrist to evaluate a defendant's competency to stand trial if the defendant or the State raises the issue, or if the court "believes that there is doubt as to the defendant's mental competency to be tried for the alleged offense." 13 V.S.A. § 4814(a)(2), (a)(4). The statute directs that the examination shall take place "in the least restrictive

environment deemed sufficient to complete the examination and prevent unnecessary pre-trial detention and substantial threat of physical violence to any person, including a defendant." *Id.* § 4815(a). The possible locations for an examination include a jail, correctional center, the state hospital, or in another setting if ordered by the court. *Id.* § 4815(b).

¶ 3. When a motion for examination is made "the court shall order a mental health screening to be completed by a designated mental health professional while the defendant is still at the court." *Id.* § 4815(d). Based on the screener's recommendation and "the facts and circumstances surrounding the charge and observations of the defendant in court," the court may then order an examination. *Id.* § 4815(f). The statute directs, however, that "[t]he court shall not order an inpatient examination unless the designated mental health professional determines that the defendant is a person in need of treatment as defined in 18 V.S.A. § 7101(17)." *Id.* § 4815(g)(1). It is this directive restricting the court from ordering an inpatient evaluation without a screener's determination that the defendant is a person in need of treatment that is at issue in this case.

¶ 4. The underlying facts leading to this appeal are not disputed. In January 2011, M.W. was arraigned on several different charges and concerns arose about his competency to stand trial. The court ordered an outpatient competency evaluation, and the forensic psychiatrist reported in March 2011 that defendant had a possible psychotic disorder. In April 2011, defendant was arrested for trespass while on conditions of release. At arraignment for that charge, the issue of defendant's competency again arose due to his prior court proceedings. In accordance with the statute, defendant was screened by a mental health professional. The screener determined that defendant suffered from dementia, which the screener described as a medical condition and not a mental illness. Based on this determination, the screener concluded that defendant was not a person in need of treatment. In response to the court's questions, the screener confirmed that he had read the psychiatrist's March 2011 forensic report, but maintained his opinion that defendant was not a person in need of treatment as defined by the statute because defendant had a medical rather than mental health condition.

¶ 5. Despite the screener's determination, the state's attorney initially requested that the court refer defendant for an inpatient

evaluation. After consulting the statute, the state's attorney then clarified that § 4815(g)(1) precluded an inpatient examination when the screener found the defendant was not a person in need of treatment. The state's attorney explained his impression that the statute

> on its face would suggest that the screener gets to control the decision whether the hospital is available . . . I will tell you that from the State's perspective, when that was passed, it violated separation of powers. And the State continues to believe it violates separation of powers and usurps this Court's authority to make a determination about the appropriate location for the evaluation. And we would stand by our request that [M.W.] be evaluated at the hospital.

Defendant's attorney expressed no opinion on the issue because defendant was seeking alternative counsel.

¶ 6. The court noted that the language of § 4815(g)(1) precluded the court from sending M.W. to the state hospital, but, ultimately, avoided the prosecutor's challenge to the statute by ordering no evaluation at all. Instead, the court imposed bail and conditions of release. Due to his inability to make bail, defendant was held in jail. At a later hearing on April 19, 2011, the court found defendant was incompetent based on the expert evaluation from March 2011. In August 2011, the court found M.W. was a person in need of treatment and M.W. was transferred to the state hospital.

¶ 7. On April 11, 2011, the state's attorney filed a motion to appeal under the collateral final order rule. V.R.A.P. 5.1. The prosecutor characterized the issue for appeal as whether the court erred in concluding it could not send defendant to the state hospital for purposes of a competency evaluation under § 4815(g)(1) which, the prosecutor contended, violates separation of powers. The court granted the request to appeal. The Department of Mental Health filed a motion to reconsider, arguing there was no basis for a collateral order appeal because the court determined no disputed question since a request for an evaluation could be renewed at any time during the proceedings. Also, the Department argued that the initial denial of the State's requested inpatient evaluation had no ultimate bearing on the case because a couple of weeks later the court found defendant incompetent

and he was moved from custody of the Department of Corrections to the state hospital to await a hospitalization hearing. The court denied the motion to reconsider and again granted permission to appeal "whether 13 V.S.A. § 4815(g)(1) violates the separation of powers by divesting the court of the authority to send a criminal defendant to the State Hospital over the objection of the screener."

¶ 8. On appeal, the state's attorney maintains that § 4815(g)(1) violates the Vermont Constitution's separation-of-powers provision. See Vt. Const. ch. II, § 5 (setting forth distinct legislative, executive, and judicial branches of government); *In re D.L.*, 164 Vt. 223, 229, 669 A.2d 1172, 1176-77 (1995) (listing factors for determining when judicial power has been "unconstitutionally usurped or expanded"). The Attorney General has intervened and argues that the appeal should be dismissed as improvidently granted or moot. As to the merits, the Attorney General argues that there is no separation-of-powers violation because § 4815(g)(1) is merely a restriction on the location of an examination and does not unconstitutionally usurp the court's authority to order an examination.

■ ■ ¶ 9. We do not reach the separation-of-powers question because we dismiss the appeal for lack of a justiciable controversy in this case. An appeal of a collateral final order is appropriate if the court's ruling: (1) conclusively determines a disputed question; (2) is separate from the merits of the case; and (3) will be unreviewable on appeal from final judgment. V.R.A.P. 5.1(a); see *In re F.E.F.*, 156 Vt. 503, 507, 594 A.2d 897, 900 (1991). Here, there was no conclusive determination of the disputed question — namely, whether § 4815(g)(1) unconstitutionally precluded the court from ordering a necessary inpatient evaluation.

¶ 10. While the court was perplexed by the screener's determination and consequently perceived that its options were limited, the court did not rule on whether examination of defendant was warranted, whether an inpatient examination was the least-restrictive environment necessary, or whether § 4815(g)(1) unconstitutionally prohibited such an examination. See 13 V.S.A. § 4815(f) (directing court to consider recommendation of screener, charge and observations of defendant in deciding whether to order examination and directing that examination be done in least-restrictive environment). Instead, the court bypassed the issue entirely by setting bail and conditions of release.

■ ¶ 11. Given no decision on the questions raised, the matter is not ripe for appeal. Federal caselaw on justiciability is instructive. Ripeness is part of justiciability and is built on the premise "that courts should not render decisions absent a genuine need to resolve a real dispute." 13B C. Wright et al., Federal Practice and Procedure § 3532.1, at 372 (2008). Claims are ripe when there is a "sufficiently concrete case or controversy" and when the exercise of judicial power is justified by "prudential considerations." *United States v. McAllister*, 225 F.3d 982, 989 (8th Cir. 2000) (quotation omitted); accord *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (explaining that the issue of whether question is ripe depends on whether there is a "real, substantial controversy" and not one that is "hypothetical or abstract" (quotations omitted)).

■ ¶ 12. Judicial authority in Vermont is limited by the same prudential concerns. "The Vermont Constitution confers judicial authority only to determine actual controversies arising between adverse litigants, and issuing an advisory opinion . . . would exceed our constitutional mandate." *In re S.N.*, 2007 VT 47, ¶ 9, 181 Vt. 641, 928 A.2d 510 (mem.) (quotation omitted). In this case, the claim that § 4815(g)(1) caused injury by precluding an inpatient evaluation is a purely hypothetical legal question divorced from any real controversy since the trial court did not determine that an inpatient evaluation was warranted, and did not address whether the statute unconstitutionally precluded such examination. Thus, there is no injury to be addressed and no ripe controversy.

■ ¶ 13. The state's attorney argues that the issue is live because M.W. will likely face the same situation again. There is a narrow exception to the mootness doctrine for issues that are capable of repetition yet evade review. *In re S.N.*, 2007 VT 47, ¶ 7 (describing requirements as "(1) the challenged action ceases before it is fully litigated, and (2) there is a reasonable expectation that the individual will be subject to the same action again"). Here, however, the exception has no bearing because the issue was not once live and now moot; rather, by not ordering the evaluation, the trial court avoided the controversy altogether. See *In re Moriarty*, 156 Vt. 160, 164, 588 A.2d 1063, 1065 (1991) (explaining that the mere possibility of future injury does not transform a nonjusticiable controversy into a justiciable one).

Without a conclusive determination on the issue, there is no controversy to appeal.

*Appeal dismissed.*