2012 VT 66



State v. M.W. (2011-229)

 

2012 VT 66

 

[Filed 03-Aug-2012]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40 as well as formal revision
before publication in the Vermont Reports.  Readers are requested to
notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by
mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont
05609-0801, of any errors in order that corrections may be made before this
opinion goes to press.

 

 


 2012 VT 66
 
  


 No. 2011-229
 
  


 State of Vermont
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 Superior Court, Windsor Unit,
 
 
  
 
 
 Criminal Division
 
 
  
 
 
  
 
 
 M.W.
 
 
 March Term, 2012
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 M.
 Patricia Zimmerman, J.
 
 
  
 
 Robert L. Sand, Windsor County State’s
Attorney, White River Junction, for Plaintiff-Appellant.

 

William H. Sorrell, Attorney General, and Bridget C. Asay, Assistant Attorney General,

  Montpelier, for Intervenor-Appellee
Vermont Attorney General.

 

 

PRESENT:  Reiber, C.J.,
Dooley, Skoglund, Burgess and Robinson, JJ.

 

 

¶ 1.            
BURGESS, J.   The Windsor County State’s Attorney filed
this interlocutory collateral final order appeal seeking review on the question
of whether 13 V.S.A. § 4815(g)(1) violates the Vermont Constitution’s
separation-of-powers provision by divesting the trial court of the authority to
order an inpatient mental health evaluation of a potentially incompetent
defendant.  The Attorney General intervened on behalf of the State,
arguing that the appeal was improvidently granted, and that the statute is
constitutional.  We conclude that there is no justiciable
claim because the necessity of an inpatient evaluation and the
constitutionality of the statute were not decided below.  Therefore, we
dismiss the appeal. 

¶ 2.            
The issue raised in this appeal involves the statutory provisions
concerning mental health evaluations for criminal defendants.  The trial
court may order a psychiatrist to evaluate a defendant’s competency to stand
trial if the defendant or the state raises the issue, or if the court “believes
that there is doubt as to the defendant’s mental competency to be tried for the
alleged offense.”  13 V.S.A. § 4814(a)(2),
(a)(4).  The statute directs that the examination shall take place “in the
least restrictive environment deemed sufficient to complete the examination and
prevent unnecessary pre-trial detention and substantial threat of physical
violence to any person, including a defendant.”  Id.
§ 4815(a).  The possible locations for an examination include
a jail, correctional center, the state hospital, or in another setting if
ordered by the court.  Id. § 4815(b). 


¶ 3.            
When a motion for examination is made “the court shall
order a mental health screening to be completed by a designated mental health
professional while the defendant is still at the court.”  Id. § 4815(d).  Based on the screener’s
recommendation and “the facts and circumstances surrounding the charge and
observations of the defendant in court,” the court may then order an
examination.  Id. § 4815(f).  The
statute directs, however, that “[t]he court shall not order an inpatient
examination unless the designated mental health professional determines that
the defendant is a person in need of treatment as defined in 18 V.S.A. §
7101(17).”  Id. § 4815(g)(1). 
It is this directive restricting the court from ordering an inpatient
evaluation without a screener’s determination that the defendant is a person in
need of treatment that is at issue in this case.

¶ 4.            
The underlying facts leading to this appeal are not disputed.  In
January 2011, M.W. was arraigned on several different charges and concerns
arose about his competency to stand trial.  The court ordered an
outpatient competency evaluation, and the forensic psychiatrist reported in
March 2011 that defendant had a possible psychotic disorder.  In April
2011, defendant was arrested for trespass while on conditions of release. 
At arraignment for that charge, the issue of defendant’s competency again arose
due to his prior court proceedings.  In accordance with the statute,
defendant was screened by a mental health professional.  The screener
determined that defendant suffered from dementia, which the screener described
as a medical condition and not a mental illness.  Based on this
determination, the screener concluded that defendant was not a person in need
of treatment.  In response to the court’s questions, the screener
confirmed that he had read the psychiatrist’s March 2011 forensic report, but
maintained his opinion that defendant was not a person in need of treatment as
defined by the statute because defendant had a medical rather than mental
health condition.  

¶ 5.            
Despite the screener’s determination, the state’s attorney initially
requested that the court refer defendant for an inpatient evaluation. 
After consulting the statute, the state’s attorney then clarified that § 4815(g)(1) precluded an inpatient examination when the screener
found the defendant was not a person in need of treatment.  The state’s
attorney explained his impression that the statute

on its face
would suggest that the screener gets to control the decision whether the
hospital is available . . . I will tell you that from the State’s perspective,
when that was passed, it violated separation of powers.  And the State
continues to believe it violates separation of powers and usurps this Court’s
authority to make a determination about the appropriate location for the
evaluation.  And we would stand by our request that [M.W.] be evaluated at
the hospital.  

Defendant’s attorney expressed no
opinion on the issue because defendant was seeking alternative counsel.

¶ 6.            
The court noted that the language of § 4815(g)(1)
precluded the court from sending M.W. to the state hospital, but, ultimately,
avoided the prosecutor’s challenge to the statute by ordering no evaluation at
all.  Instead, the court imposed bail and conditions of release.  Due
to his inability to make bail, defendant was held in jail.  At a later
hearing on April 19, 2011, the court found defendant was incompetent based on
the expert evaluation from March 2011.  In August 2011, the court found
M.W. was a person in need of treatment and M.W. was transferred to the state
hospital.

¶ 7.            
On April 11, 2011, the state’s attorney filed a motion to appeal under
the collateral final order rule.  V.R.A.P. 5.1. 
The prosecutor characterized the issue for appeal as whether the court erred in
concluding it could not send defendant to the state hospital for purposes of a
competency evaluation under § 4815(g)(1) which, the prosecutor contended,
violates separation of powers.  The court granted the request to
appeal.  The Department of Mental Health filed a motion to reconsider, arguing
there was no basis for a collateral order appeal because the court determined
no disputed question since a request for an evaluation could be renewed at any
time during the proceedings.  Also, the Department argued that the initial
denial of the State’s requested inpatient evaluation had no ultimate bearing on
the case because a couple of weeks later the court found defendant incompetent
and he was moved from custody of the Department of Corrections to the state
hospital to await a hospitalization hearing.  The court denied the motion
to reconsider and again granted permission to appeal “whether 13 V.S.A.
§ 4815(g)(1) violates the separation of powers by
divesting the court of the authority to send a criminal defendant to the State
Hospital over the objection of the screener.”  

¶ 8.            
On appeal, the state’s attorney maintains that § 4815(g)(1) violates the Vermont Constitution’s
separation-of-powers provision.  See Vt. Const. ch.
II, § 5 (setting forth distinct legislative, executive, and judicial branches
of government); In re D.L., 164 Vt. 223, 228-29, 669 A.2d 1172, 1176-77
(1995) (listing factors for determining when judicial power has been
“unconstitutionally usurped or expanded”).  The Attorney General has
intervened and argues that the appeal should be dismissed as improvidently
granted or moot.  As to the merits, the Attorney General argues that there
is no separation-of-powers violation because § 4815(g)(1)
is merely a restriction on the location of an examination and does not unconstitutionally
usurp the court’s authority to order an examination.  

¶ 9.            
We do not reach the separation-of-powers question because we dismiss the
appeal for lack of a justiciable controversy in this
case.  An appeal of a collateral final order is appropriate if the court’s
ruling: (1) conclusively determines a disputed question; (2) is separate from
the merits of the case; and (3) will be unreviewable on appeal from final judgment. 
V.R.A.P. 5.1(a); see In re F.E.F., 156 Vt. 503, 507, 594 A.2d 897, 900
(1991).  Here, there was no conclusive determination of the disputed
question—namely, whether § 4815(g)(1)
unconstitutionally precluded the court from ordering a necessary inpatient
evaluation.

¶ 10.         While
the court was perplexed by the screener’s determination and consequently
perceived that its options were limited, the court did not rule on whether
examination of defendant was warranted, whether an inpatient examination was
the least-restrictive environment necessary, or whether § 4815(g)(1)
unconstitutionally prohibited such an examination.  See 13 V.S.A.
§ 4815(f) (directing court to consider recommendation of screener, charge and
observations of defendant in deciding whether to order examination and
directing that examination be done in least-restrictive environment). 
Instead, the court bypassed the issue entirely by setting bail and conditions
of release.  

¶ 11.         Given
no decision on the questions raised, the matter is not ripe for appeal. 
Federal caselaw on justiciability is instructive.  Ripeness is part of
justiciability and is built on the premise “that courts should not render
decisions absent a genuine need to resolve a real dispute.”  C. Wright et
al., 13B Federal Practice and Procedure § 3532.1, at 372 (2008).  Claims
are ripe when there is a “sufficiently concrete case or controversy” and when
the exercise of judicial power is justified by “prudential considerations.”
 United States v. McAllister, 225 F.3d 982, 989 (8th Cir. 2000)
(quotation omitted); accord Babbitt v. United Farm Workers Nat’l Union,
442 U.S. 289, 298 (1979) (explaining that the issue of whether question is ripe
depends on whether there is a “real, substantial controversy” and not one that
is “hypothetical or abstract” (quotations omitted)).  

¶ 12.         Judicial
authority in Vermont is limited by the same prudential concerns.  “The
Vermont Constitution confers judicial authority only to determine actual
controversies arising between adverse litigants, and issuing an advisory opinion . . . would exceed our
constitutional mandate.”  In re S.N., 2007 VT 47,
¶ 9, 181 Vt. 641, 928 A.2d 510 (mem.) (quotation omitted).  In this case, the claim that
§ 4815(g)(1) caused injury by precluding an inpatient evaluation is a
purely hypothetical legal question divorced from any real controversy since the
trial court did not determine that an inpatient evaluation was warranted, and
did not address whether the statute unconstitutionally precluded such
examination.  Thus, there is no injury to be addressed and no ripe
controversy.  

¶ 13.         The
state’s attorney argues that the issue is live because M.W. will likely face
the same situation again.  There is a narrow exception to the mootness doctrine for issues that are capable of repetition
yet evade review.  In re S.N., 2007 VT 47, ¶ 7 (describing
requirements as “(1) the challenged action ceases before it is fully litigated,
and (2) there is a reasonable expectation that the individual will be subject
to the same action again”).  Here, however, the exception has no bearing
because the issue was not once live and now moot; rather, by not ordering the
evaluation, the trial court avoided the controversy altogether.  See In
re Moriarty, 156 Vt. 160, 164, 588 A.2d 1063, 1065 (1991) (explaining that
the mere possibility of future injury does not transform a nonjusticiable
controversy into a justiciable one).  Without a
conclusive determination on the issue, there is no controversy to appeal. 


Appeal
dismissed.

 


  
 
 
  
 
 
 FOR THE COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate
 Justice