2011 VT 63

**In re Brian LeCLAIR**

[26 A.3d 41]

No. 10-244

¶ 1. June 13, 2011. In this complaint for review of governmental action under Vermont Rule of Civil Procedure 75, plaintiff inmate appeals the superior court's refusal to order the Department of Corrections to give him double credit for time served in a correctional facility after his furlough status was improperly revoked. We dismiss the appeal as moot.

¶ 2. In November 2006, plaintiff was charged with burglary. At the time, he was being supervised by the Department on conditional reentry furlough in connection with eight previous convictions — including two for burglary — that had resulted in an approximately three-to-eight-year sentence. The November 2006 charge was based on an incident that occurred in April 2004, before plaintiff's conviction on the previous charges. The new charge arose when DNA evidence connected plaintiff to the earlier offense. At the time of the new charge, plaintiff had completed his minimum, but not his maximum, sentence. Although he was on conditional reentry furlough when the new charge was filed, he was incarcerated for what was to be a short period of time for violating the terms of his conditional reentry furlough agreement. When the new charge was filed, however, the Department revoked plaintiff's furlough status, and he remained incarcerated. Independent of his furlough revocation, plaintiff was held for lack of bail on the new charge.

¶ 3. Plaintiff challenged his furlough revocation. In an August 2007 decision, the superior court ruled that because the sole basis of the revocation was plaintiff's alleged violation of his promise in the furlough agreement not to commit any illegal act, his furlough status had been improperly revoked based on an incident that occurred before he signed the agreement.

¶ 4. In August 2007, plaintiff was sentenced on the November 2006 burglary charge to a term of zero-to-two years to be served consecutively to the previous sentences. In August 2009, after exhausting his administrative remedies, plaintiff filed a complaint for review of governmental action under Rule 75, arguing that the Department was compelled to award him credit for the 279 days between the revocation of his furlough and his conviction on the new burglary charge — not only against his original sentences, but also against his sentence on the new charge. In a May 2010 decision, the superior court ruled that plaintiff was not entitled to double credit for those 279 days, notwithstanding the fact that his furlough status had been improperly revoked.

¶ 5. Plaintiff appeals that decision to this Court, arguing that because he had a constitutionally protected liberty interest in his furlough status, the Department's improper revocation of that status based on an incident that occurred before his original sentences were imposed compelled the Department to give him double credit — against both the underlying sentence and the new sentence — for the 279 days that he was incarcerated after the improper furlough revocation and before his conviction on the new charge. In addition to challenging the merits of this argument, the State contends that the case is now moot.

¶ 6. We first address the question of mootness. The State argues that this appeal is moot because plaintiff completed his maximum sentence on the underlying charges on November 10, 2010, and even though he was charged with yet another burglary on March 26, 2010, he has been accepted into drug court for that charge.

According to the State, the expiration of plaintiff's underlying sentences and his acceptance into drug court on the most recent charge means that our decision on the merits of his appeal would have no impact on plaintiff, and thus there is no live controversy. Plaintiff responds that a live controversy continues to exist because, if we find in his favor in this appeal, his maximum sentence would be considered completed in February 2010, before this latest charge, and thus he could receive credit against any new sentence for the time he spent in custody after the new charge was filed. Plaintiff makes no mention of his acceptance into drug court on the latest charge.

¶ 7. We conclude that the instant appeal is moot. Generally, "a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *In re Moriarty,* 156 Vt. 160, 163, 588 A.2d 1063, 1064 (1991) (quotation omitted). Here, as noted, plaintiff completed his maximum sentence for the underlying convictions in November 2010. Thus, even if plaintiff were to prevail in this appeal, and we were to grant him credit for the 279 days against the November 2006 conviction, he would gain nothing because he has already served his maximum sentence for that conviction. Plaintiff argues, however, that because he was charged once again with burglary in March 2010, if we were to rule in his favor in this appeal, he could receive credit for the time he was incarcerated between the date of the new charge and the date he completed his maximum sentence.

¶ 8. We find this argument unavailing. Plaintiff is not serving a sentence on the new charge. The superior court docket entries indicate that plaintiff has been admitted into drug court. If plaintiff graduates from drug court, he will receive a sentence of two-to-five years, all suspended, with immediate discharge from probation. While it is true that partici-

pants in drug court may be discharged for various reasons and have their cases sent back to criminal court, we will not assume a "sufficient prospect" of negative consequences based on speculation that plaintiff will fail to graduate from drug court and be sentenced in regular criminal court. See *In re Collette,* 2008 VT 136, ¶ 16, 185 Vt. 210, 969 A.2d 101 ("[O]ur recognition of negative collateral consequences as an exception to mootness is limited to situations where proceeding to a decision in an otherwise dead case is justified by a sufficient prospect that the decision will have an impact on the parties." (quotation omitted)). Moreover, even if we were to assume that plaintiff will not graduate from drug court and will be sentenced in criminal court, the State has conceded that plaintiff would be entitled to credit for the 279 days against the current burglary charge because he was serving that time as a detentioner for the current charge and he had completed his maximum sentence on the previous convictions. Accordingly, plaintiff no longer has a cognizable interest in resolution of this appeal.

*Appeal dismissed as moot.*