2014 VT 102

## State of Vermont v. Roger Perry

[106 A.3d 936]

No. 13-337

Present: **Reiber, C.J., Dooley, Skoglund, Robinson and Crawford, JJ.**[1]

Opinion Filed August 29, 2014

---

[1] Justice Crawford was present for conference on the briefs, but did not participate in this decision.

*William H. Sorrell*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Allison N. Fulcher* of *Martin & Associates*, Barre, for Defendant-Appellant.

¶ 1. **Robinson, J.** Defendant Roger Perry appeals from the trial court's issuance of a mittimus ordering the Department of Corrections (DOC) not to give defendant credit for time served in connection with prior convictions. The State does not challenge defendant's claim that the mittimus violated the parties' plea agreement and created an illegal sentence, but argues that, because defendant has completed the time-to-serve portion of his sentence, this appeal is moot. We reverse, concluding that the appeal is not moot because defendant is still serving the challenged sentence, and that the amended mittimus violates Vermont's sentencing statute, 13 V.S.A. § 7032.

¶ 2. The following facts are undisputed. In February 2012, defendant was charged with two counts of burglary, and two counts of larceny in connection with two incidents — one in December 2010, and one in January 2011.[2] In June 2013, defendant entered into a plea agreement, pleading no contest to the burglary charges in exchange for dismissal of the grand larceny charges. The agreement provided for restitution and concurrent sentences of three to fifteen years, split to serve up to six months. Defendant had, in the meantime, been serving a sentence of confinement for unrelated drug offenses.

¶ 3. At the sentencing hearing on the burglary charges in July 2013, the trial court sentenced defendant to a split sentence of three to fifteen years to serve, all suspended except six months, with probation subject to specified conditions. The identical sentences on the two charges were to be served concurrently, but consecutive to the sentence defendant was already serving on unrelated charges. At sentencing, the court indicated that the sentences would "be in execution right now" and that defendant would be taken into custody immediately. The court issued a mittimus ordering DOC to give defendant "[c]redit for time served according to [the] law."

¶ 4. DOC completed its sentence computation and credited defendant with 228 days for time served on his unrelated drug conviction. After the court received DOC's sentence computation notification, the State filed a motion to modify or correct the sentence pursuant to 13 V.S.A. § 7042(b), arguing that defendant should not get credit for time served in home confinement on prior convictions while his cases were pending. The State argued that the effect of DOC's computation was that defendant was incarcerated for only eight days of his six-month to-serve sentence. The State argued that defendant should receive credit only for his incarceration during the two days between his arrest and arraignment and requested that the court amend defendant's mittimus to state that defendant should receive no credit for time served on other dockets.

¶ 5. The court held a hearing on the State's motion and concluded that DOC's interpretation of the statute to allow credit

_____

[2] Defendant was initially charged with petit larceny, 13 V.S.A. § 2502, in connection with the December 2010 incident and grand larceny, *id.* § 2501, in connection with the January 2011 incident. The State later amended the charge for the December incident to grand larceny, and added a habitual offender count to that charge.

for home confinement in this case "clearly and plainly [thwarted] the Court's authority to impose a punitive component of [the] sentence" in the form of six months of incarceration. It further reasoned that the parties contemplated and agreed in the plea agreement that defendant would serve up to six months in jail. For these reasons, the court concluded that no credit should be awarded for time served on other offenses and issued an amended mittimus to DOC directing that defendant receive "no credit for time served on other dockets." Defendant appealed.

¶ 6. Defendant argues that the court's amendment of his mittimus (1) violated the express terms of his plea agreement and (2) resulted in a sentence in violation of the recently amended consecutive sentencing statute. He argues that the amendment deprives him of credit that the plea agreement explicitly provided for and that he bargained for as part of the agreement. Further, defendant argues that ordering DOC not to give defendant credit for time served on other offenses effectively requires DOC to violate the sentencing statute. Defendant asserts that the resulting sentence is therefore illegal.

¶ 7. The State did not file a responsive brief on the merits and instead relies on its motion to dismiss the appeal as moot. The State reasons that insofar as defendant seeks to avoid the to-serve requirement of his sentence, his challenge is moot because defendant in fact completed the six-month to-serve requirement in January 2014. Anticipating defendant's argument that the dispute is not moot because it would bear on the sentence imposed if defendant violates probation, the State argues that such a dispute is not ripe for review because any violation of probation is a hypothetical future event.

¶ 8. Defendant responds that the appeal is not moot because he has not yet served his maximum sentence and the credit he receives directly impacts the length of his probation. He argues that, regardless of any future violation of probation, he therefore has a presently cognizable legal interest in the outcome of this appeal.

¶ 9. ■ The threshold issue in this case is whether the appeal is moot because defendant has completed the to-serve requirement of his sentence. "The general rule is that a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *In re Moriarty*, 156

Vt. 160, 163, 588 A.2d 1063, 1064 (1991) (quotations omitted). The State relies heavily on our decision in *In re LeClair* in arguing that defendant's appeal is moot. 2011 VT 63, 190 Vt. 535, 26 A.3d 41 (mem.). In that case, the defendant appealed a trial court ruling that he was not entitled to credit toward a consecutive charge for time that he was incarcerated after his furlough was improperly revoked. This Court concluded that the defendant's appeal was moot because the defendant had already served the maximum sentence on the only charge that was eligible for credit. *Id.* ¶ 7.

¶ 10. In contrast to the defendant in *LeClair*, defendant in this case is still serving the three-to-fifteen-year split sentence pursuant to the amended mittimus issued by the trial court — a sentence defendant contends is illegal pursuant to 13 V.S.A. § 7032. The fact that he has completed the "to-serve" portion of his split sentence does not mean he is not still under sentence, or that the credit allowed for time served does not or cannot impact his liberty.

¶ 11. ■ The State asserts that the only potential future impact of the trial court's denial of credit for time served will arise if defendant violates probation, and suggests that if that happens, defendant can collaterally challenge the time-served calculation in this case. Even if the State is right about the prospective impact of the time-served calculation, our cases and rules reflect a strong preference for correcting errant sentences sooner rather than later. See, e.g., *State v. Austin*, 165 Vt. 389, 401, 685 A.2d 1076, 1084 (1996) (requiring that facial challenges to probation conditions be raised on direct appeal rather than collaterally in subsequent proceedings); see also V.R.Cr.P. 35(a) (stating that court may correct an illegal sentence at any time). If defendant is correct that the mittimus essentially creates an illegal sentence, we need not ignore the illegality on direct appeal and then wait for a future probation violation so we can correct the mittimus in a collateral proceeding. Our decisions in related contexts and strong policy considerations point in the opposite direction.

¶ 12. ■ We therefore reject the State's motion to dismiss this appeal as moot, and instead address the merits of defendant's appeal. At the time of sentencing, defendant was serving a prior sentence for an unrelated charge. The Legislature has given courts discretion to determine whether subsequent sentences are

to be served concurrent with or consecutive to prior sentences. 13 V.S.A. § 7032.(a), (b). The trial court in this case determined that defendant's burglary sentences, while concurrent with each other, were consecutive to the sentence on the drug charges.

¶ 13. On these facts, and in the absence of any counterargument from the State that might have led us to a different conclusion, we conclude that the amended mittimus improperly denied defendant credit for time served to which he was due. Through recent amendments to the statute, effective prior to defendant's sentencing in this case, the Legislature has given clear instructions concerning credit for time served in the context of consecutive sentences:

> When terms run consecutively, the minimum terms are added to arrive at an aggregate minimum to be served . . . and the maximum terms are added to arrive ' at an aggregate maximum . . . . A person shall serve no more time on consecutive minimum sentences than the sum of the minimum terms, regardless of whether the sentences are imposed on the same or different dates. *If a person has served a minimum term and subsequently incurs another criminal charge, the time the person spends in custody awaiting disposition of the new charge shall count toward the minimum term of the new sentence, if one is imposed.*

*Id.* § 7032(c)(2) (emphasis added).[3]

¶ 14. ▮▮▮ As this Court noted recently in *State v. Aubuchon,* the 2013 amendments to the sentencing statute were part of a comprehensive revision to Vermont's sentencing laws and were intended to give defendants credit for time served from arraignment to sentencing without regard to whether the time served was connected to the offense being sentenced. 2014 VT 12, ¶¶ 14-15, 195 Vt. 571, 90 A.3d 914. This was, as we noted, a departure from the prior regime that awarded credit for time served only in connection with the sentence being imposed. *Id.*

---

[3] The trial court's ruling is not based on a determination that DOC misapplied the statute but instead rests on the view that application of the statute thwarted the parties' understanding and the court's punitive sentencing goal. These are understandable considerations, but the statute does not give courts discretion to disregard its terms.

¶ 24. In light of the amended statute's mandate, the amended mittimus denying credit toward the minimum of a consecutive sentence for time served beyond the minimum on a prior sentence gives rise to an illegal sentence. See *State v. Mancino*, 714 So. 2d 429, 433 (Fla. 1998) (concluding that "sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served"); *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009) (concluding that failure to credit petitioner with credits mandated under Tennessee state code "contravenes the requirements of that statute and results, therefore, in an illegal sentence").[4]

¶ 15. Accordingly, we reverse and remand to the trial court for amendment of defendant's mittimus in accordance with this opinion.

*Reversed and remanded for amendment of defendant's mittimus in accordance with this opinion.*

---

[4] The State argued before the trial court that time spent in home confinement is not time spent in "custody" for purposes of the credit provisions of the sentencing statute. Because the State has not raised or briefed this argument on appeal, we do not reach this issue.

